*A. B. Conger,* for plaintiff in error.
*R. G. Hartsfield, D. R. Bryan,* contra.

21904. WILEY *v.* THE STATE.

DECIDED JANUARY 12, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. The special presentment in this case charges Miles Wiley, Mary Wiley, and Henry Wiley with burglarizing the dwelling house of Elbert Wingfield on May 8, 1931, and taking therefrom certain articles of personal property belonging to said Wingfield. Mary pleaded guilty, and a jury found Miles and Henry guilty. Miles Wiley excepts to the judgment overruling his motion for a new trial containing the general grounds and certain special grounds.

From the State's evidence it appears that Elbert Wingfield's dwelling house, which was unoccupied and nailed up at the time, was burglarized, and that, at no great time thereafter, some of the articles taken from said house were found in the manual possession of Miles Wiley. The defendant introduced evidence to the effect that he was away from home when the burglary was committed, and had no part in it. His statement to the jury was as follows: "I went off, and when I come back home the things were there, and she told me her grandmother gave them to her. I left Easter Monday and staid in Sandersville, and then went to Carlton. When I got back she told me her grandmother give her the things." We will state in this connection that the defendant was referring to his wife, Mary, who assumed the responsibility of taking the missing articles, and denied that either Miles or his father, Henry, had any part in the taking.

It being exclusively the province of the jury to pass upon the credibility of the witnesses and the weight of the evidence, the strength of the defendant's alleged alibi, and the effect of the defendant's possession of the articles stolen from the burglarized house, this court is constrained to overrule the general grounds of the motion for a new trial.

Special ground 1 complains of the following charge of the court: "If you find that the offense alleged in the indictment was committed by some one, and that very soon thereafter the whole or any part of the goods so taken at the time the offense was committed, if any offense was committed, was found in the recent possession of the defendants, such possession, if not satisfactorily explained

consistent with innocence, would authorize you to convict them of the crime charged." Counsel's contention in regard to the foregoing excerpt from the charge of the court may be gathered from the following statement in the ground: "Mere possession of the stolen property recently after the burglary is committed will not of itself authorize a conviction. It would only be a circumstance for the jury to consider, . . and not a question for the court to determine as a matter of law." The unexplained possession of the stolen articles shortly after the burglary was committed would authorize the conviction of the defendant. *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227). We quote from the *Lewis* case: "It has been held more than once that it is error to charge that the law presumes guilt from the recent possession of stolen goods. *Griffin* v. *State,* 86 *Ga.* 258 (12 S. E. 409); *Gravitt* v. *State,* 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63). The law raises no presumption; it simply permits the jury to infer guilt from the fact of recent possession, unaccounted for. As was pointed out by Mr. Justice Lewis in *Gravitt's* case, it is a presumption of fact and not of law. It authorizes a verdict of guilty, but does not require it." In this connection see *Holliday* v. *State,* 23 *Ga. App.* 400 (98 S. E. 386), and the numerous authorities there cited. It may also be observed that the charge complained of is almost identical with the one approved by this court in *Coley* v. *State,* 41 *Ga. App.* 620 (154 S. E. 203). We hold that the ground discloses no error.

The second special ground complains of the identical charge quoted in the ground next above. The contention is that "the possession of the stolen property recently after the alleged burglary was committed, would only be a circumstance for the jury to consider in determining whether or not the defendant was the burglar, whether or not the defendant committed the burglary, not that 'some one' committed the crime." Obviously there is no merit in this contention. See authorities cited, and note the charge in the *Coley* case, supra.

The principal contention in special ground 3 is that the court did not, without request so to do, charge the jury that it was for them to determine whether the defendant's explanation of his recent possession of the stolen articles was satisfactory. The court charged the jury correctly upon the question of "recent possession," and if the accused wished any other or further instruction on that subject,

he should have made a request for it. This ground discloses no error. The statement in the last sentence in the foregoing paragraph applies with equal force to special ground 4, and we hold that ground not meritorious. For no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*