### 31529. CHAMLEE *v.* THE STATE.

### 31530. SMITH *v.* THE STATE.

DECIDED MARCH 11, 1947.

*Barrett & Hayes,* for plaintiffs in error.

*E. E. Andrews, Solicitor-General, J. R. Parham, J. W. LeCraw,* contra.

BROYLES, C. J. Eugene Chamlee and William E. Smith were jointly indicted for the larceny of a Ford sedan automobile, the property of David L. Lord. Both defendants were tried together and found guilty of the offense charged, and the jury "fixed the penalty as five years." Each defendant made a separate motion for a new trial, both motions were overruled, and each defendant assigned as error, in a separate bill of exceptions, the judgment denying him a new trial.

The evidence authorized the jury to find the following facts: David L. Lord parked his automobile in front of his residence in Atlanta, Fulton County, at 10.30 p.m. on March 28, 1946, and at about 7 a.m. the next morning he went out and found that his car was missing, and on that same day he finally found it abandoned in a ditch on Flatshoals Road. The left rear wheel of the car was missing, also missing were two seat covers and a spare wheel, and

the lock on the trunk of the car was broken. Afterwards on the same day he saw those missing articles in another Ford car which had been wrecked. Further, the evidence and portions of the statements of the accused authorized findings: that the two defendants had been in the wrecked car on the night when Lord's car was stolen, and on the following morning; that the defendant Smith was driving the car which was owned by his brother; that the defendants had driven relatives and friends to different places during the night and until about 3 o'clock a.m. of the following morning; that at that time they had driven their relatives and friends to their homes, but they continued to drive around until about 5 o'clock a.m., when their car was wrecked in a collision with another car; that the defendants were slightly injured and taken to a hospital; that the articles in the wrecked car were positively identified by Lord as his property which had been stolen from his car; that when the defendants were questioned about the articles in their car, Smith in the presence of the other defendant stated that the tires had been bought on Marietta Street about two weeks prior to the wreck, but when asked to name the place on Marietta Street he failed to do so, and made no offer to take the officers there. Both defendants admitted in their statements to the jury that they were in the sole possession of the car when it was wrecked, and their statements clearly indicated that they were in joint possession of it and were engaged in a joint project when driving around in the car; and the jury were authorized to find from those statements and the evidence that the defendants were in the exclusive joint possession of the wrecked car and its contents, including the stolen articles therein.

The defendants contend that one can not be legally convicted of the larceny of an automobile upon proof of the recent possession of only parts of it. In *Hardy* v. *State*, 72 *Ga. App.* 101 (2) (32 S. E. 2d, 914), this court said: "It was a jury question in the instant case whether or not the recent possession by the defendant of the stolen property or a part thereof was satisfactorily explained." See, to the same effect, *Coley* v. *State*, 41 *Ga. App.* 620 (154 S. E. 203); *Wiley* v. *State*, 44 *Ga. App.* 635, 637 (162 S. E. 630).

In the instant case, the recent possession of parts of the stolen property was not satisfactorily explained by the accused. The defendants also attempted to show an alibi, but the alibi failed to cover the hours between 3 o'clock a.m. and 5 o'clock a.m. on March 29.

The evidence, while circumstantial and conflicting in some minor particulars, was sufficient to authorize the jury to find that it excluded every *reasonable* hypothesis save that of the defendants' guilt; and the overruling of the general grounds of the motions for new trial was not error. The cases cited in behalf of the accused are not here applicable. Several of the special grounds of the motions are merely elaborations of the general grounds, and, under the above-stated rulings, require no special discussion.

The remaining special grounds, when considered in the light of the facts of the cases, and the entire charge of the court, fail to show cause for a reversal of the judgments. In each case, the denial of a new trial was not error.

*Judgments affirmed. MacIntyre and Gardner, JJ., concur.*