LUNDY *vs.* THE STATE OF GEORGIA.

1. Where a burglary has been committed, and money, goods, or other property which was in the house at the time of the burglary is soon thereafter found in the possession of a person who is unable to account for his possession, it raises a presumption of his guilt, and the jury would be authorized to find a verdict of guilty.
2. The newly discovered evidence in this case is quite immaterial, or at best negative testimony.

September 18, 1883.

Criminal Law.    New Trial.    Before Judge BOWER. Mitchell Superior Court.    March Term, 1883.

Reported in the decision.

C. C. DAVIS; A. L. HAWES, by W. N. SPENCE, for plaintiff in error.

J. W. WALTERS, solicitor general, for the state.

BLANDFORD, Justice.

Ben Lundy was indicted in the superior court of Mitchell county for burglary, and found guilty; he made his motion for new trial, upon the ground that the verdict of the jury was contrary to the evidence, and upon the further ground of newly discovered evidence in this, that search had been made of the house of prisoner, and none of the property said to be missing from the house which had been burglarized could be found. The court below refused the new trial.

The evidence showed that the store-house of the prosecutor had been broken open on Christmas eve night, 1882, and money and other valuable things had been taken therefrom; that on the third day thereafter the clerk of prosecutor received in trade from prisoner a mutilated silver quarter of a dollar, which the prosecutor identified as having been in the money drawer of the house the

night it was broken into ; he knew from certain notches in it and from its date. Prisoner stated that he got it from John Glozier; and when walking to the store of Glozier, he said he got it from Bill Glozier; and finally stated that, if he did not get it from Bill Glozier, he did not know from whom he got it. John and Bill Glozier testified that prisoner did not get the coin from either of them. It is a well settled principle of law that where a burglary has been committed, and money, goods or other property which was in the house at the time of the burglary is soon thereafter found in the possession of a person who is unable to account for his possession, it raises a presumption of his guilt and the jury would be authorized to convict upon this testimony alone. This is a matter entirely for the jury, taking into consideration the character of the accused, the nature of the property found upon his person, or in his possession, the length of time which had elapsed since the burglary, and the difficulty or impossibility on the part of the accused to account for his possession of the stolen property. These matters were properly left to the jury by the court in his charge, and we see no error either in the charge of the court or finding of the jury, under the evidence in this case.

The newly discovered evidence is quite immaterial and at best negative testimony.

Judgment affirmed.