McGruder *et al. vs.* The State of Georgia.

1. A burglary was committed; about six weeks thereafter the goods were found in the possession of the defendants, and they were charged with the theft; they denied it; said the goods did not belong to the prosecutor; gave different and contradictory accounts of the manner in which such goods came into their possession, and of the person from whom they received them; other goods than those mentioned in the indictment, which were taken from the prosecutor's house at the time it was broken open and entered, were found in possession of defendants; they showed evident reluctance to have the matter investigated, and made no effort whatever to produce any of the several persons from whom they claimed to have obtained possession:

*Held*, that, under these facts, the court did not err in charging that "if the evidence satisfies the jury that the burglary was committed as alleged, and afterwards the stolen goods were found in the house and room occupied by the defendants, this would be presumptive evidence of their guilt, unless explained; and any statement made by either of them, explanatory of the goods being there at the time they were so found, and while they were there, must be duly considered, and may relieve the suspicious appearance."

2. Where two defendants agreed to be tried jointly, with the right in each to testify on behalf of the other, as if tried separately, each could be impeached as a witness for the other. Therefore, an indictment for larceny, with a plea of guilty thereon by one of them, was admissible to impeach him, as if he had been testifying on a separate trial of his co-defendant, though not admissible to show guilt in the present case.

(a.) The evidence having been admissible for the purpose of impeachment, and there being no complaint as to the charge concerning the effect which it should have, this court will presume that the instructions were proper, and that the jury attached the proper importance to the testimony. If the defendant was injured, it was the result of his own act.

3. The evidence sustains the verdict; the newly discovered evidence was merely cumulative or impeaching, and a new trial is unnecessary.

Judgment affirmed.

October 2, 1883.

Hall, Justice,