## HARRISON vs. THE STATE OF GEORGIA.

1. Where a defendant was indicted for burglary, and convicted of that offense, charges and refusals to charge in respect to the minor offense of larceny from the house, even if erroneous, would not authorize a new trial.

2. Where a family, occupying a dwelling house, were absent at the time it was broken open and entered, and property stolen therefrom, but with the intention of returning thereto, the offense was burglary from a dwelling-house. Roscoe Cr. Ev., 358; 2 Whar. Cr. Law, 1575, and citations.

3. Where a family, who occupied a dwelling-house, were absent, but with an intention of returning, and the house was rented for sometime after they left, but some of the effects of the family were left in it and stored in some of the rooms, and the tenant gave

up possession by leaving the house before the burglary, and the goods and chattels left by the family of the owner were taken away by the burglar, the crime was burglary of the dwelling-house of the head of the family.

(a.) If a husband and wife lived together in a house, it was his dwelling-house as well as hers, although the title may have been in her; and it makes no difference that in her testimony the wife called it her house, while her son called it the dwelling-house of his father.

4. Where a burglary was committed, and some of the missing property which had been left in the house was identified and found in the possession of the defendant shortly thereafter, and not satisfactorily accounted for, this was sufficient evidence of his guilt; and the jury having found him guilty, and the presiding judge being satisfied, this court will not interfere.

Judgment affirmed.

April 2, 1885.

JACKSON, Chief Justice.

[Harrison was indicted for the burglary of the dwelling-house of B. D. Holcombe. The evidence showed, in brief, as follows : Holcombe and his family lived in the house. In September, 1883, they went to Florida, but intended to return. They packed their goods in two rooms, which they locked, and left the balance of the house in the hands of a real estate agent to rent. · A tenant took the house for a year, but subsequently moved out, leaving it vacant for a time. It was broken open, and certain property taken from it at some time near June 1, 1884, and when Holcombe's wife returned, she found a number of things gone. The defendant was arrested on June 2, and the stolen property was found in his possession, about which he made improbable statements.

The jury found the defendant guilty. He moved for a new trial, on the following among other grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: " If you find from the evidence that it was the dwelling-house of B. D.

Holcombe, but that he was temporarily absent from it, and that no one was occupying it at the time, but that he was gone with the intention of returning to it as his dwelling-house, then that would be sufficient to show that it was the dwelling-house of B. D. Holcombe, even though you should find it was not occupied at the time; yet if you find that he was temporarily absent, with the intention of returning to it as his dwelling house, and that it had been occupied by him as his dwelling-house previous to that time, you would be authorized to conclude that it was at the time the dwelling-house of B. D. Holcombe."

(3.) Because of certain charges in regard to larceny from the house, which need not be set out.

(4.) Because the court refused to charge as follows: " If the evidence shows that the house burglarized was at the time rented to another, and the time of rent had not expired, it was then the dwelling of the tenant, and not the dwelling of B. D. Holcombe, and you could not find the defendant guilty under this indictment; and if the evidence shows that the property found in the possession of the defendant was the property of A. S. Holcombe, and not the property of B. D. Holcombe, as charged in this indictment, you could not find the defendant guilty of larceny from the house."

The motion was overruled, and the defendant excepted.].