RUTLAND *v.* THE STATE.

1. Construing the whole charge of the court together, there was no error in the parts of the same excepted to. On the effect of unexplained possession of stolen goods, the burglary and the stealing of the goods from the building being otherwise established, the charge conforms in substance to *Mangham* v. *State*, 87 *Ga.* 549, and cases therein cited.

2. The evidence not being briefed or condensed as required by law, its sufficiency to warrant the verdict is assumed.

August 1, 1892.                                        *Judgment affirmed.*

Criminal law. Burglary. Charge of court. Before Judge MILLER. Bibb superior court. November term, 1891.

After conviction of burglary, the defendant excepted to the overruling of his motion for a new trial. This motion contains the usual grounds that the verdict was contrary to law and evidence, and assigns error upon the following parts of the charge of the court:

"In a case of burglary, where the offence of burglary has been established and certain goods stolen, the possession of those goods shortly after the burglary in the hands of the defendant and not explained by him to the satisfaction of the jury, is a fact from which you are authorized to infer his guilt.

"The State claims that Jones is the only man raising this sort of cotton around there, green seed cotton of a particular description. The defendant replies that is not true, that a near neighbor of this man Jones, whose name is included in the indictment, Gracy, and himself also, planted cotton with green seed, and the cotton they carried to Clays' gin was green seed cotton raised by them on their own land, or land that they were farming on; so you see it makes a question for the jury.

"The State does not claim in this case to have introduced testimony, what the law calls positive testimony, on the question of this man's guilt; they have not put

up a man who swore, defendant is the man, he confessed it, or who saw him take the cotton.　The State asks for a conviction on circumstantial evidence alone.　A fact can be proven by circumstances as well and as satisfactory as by any other sort of evidence, provided it is strong enough."

J. R. COOPER, for plaintiff in error.

W. H. FELTON, JR., solicitor-general, *contra*.

---

DINKLER *et al.* v. POTTS & POTTS *et al.*, and *vice versa*.

1. Goods fraudulently purchased under circumstances which entitle the vendor to a rescission for fraud, do not become the property of the purchaser so as to enable him to mortgage them to an existing creditor as security for an antecedent debt, and thus create a mortgage lien superior to the title of the vendor, who, on discovery of the fraud, rescinds the sale and reclaims the goods, the mortgagee not paying anything nor parting with anything as a consideration for the mortgage, but the consideration being the antecedent debt only.　A mortgage in this State passes no title, and while the rights of a mortgagee who parts with value at the time he obtains the mortgage are protected the same as if he had purchased and acquired title, the principle on which such protection is afforded does not apply to the case of a mortgage taken purely as security for a debt already in existence.　Tootle *v.* First Nat'l Bank (Neb.), 52 N. W. Rep. 396, and cases cited.

2. There was no abuse of discretion as to the matters complained of by the cross-bill of exceptions.　　　*Judgment affirmed.*

August 1, 1892.

Debtor and creditor.　Mortgage.　Fraud.　Title. Before Judge MILLER.　Bibb county.　March 31, 1892.

Potts & Potts, Altmayer & Flateau and others brought their equitable petition against C. S. Smith, their debtor, and Ira L. Smith and L. J. Dinkler, holders of mortgages given by C. S. Smith.　They prayed for the appointment of a receiver; that they might separate the goods sold by them from the general stock, and that such goods be delivered to them upon their entering into bond, or that the receiver be required to sell the