114  841
Case 2
e120  508

## GRAVITT *v.* THE STATE.

1. In the trial of an indictment for burglary, where a breaking and larceny have been shown, recent possession of the stolen property by the accused, where such possession is not satisfactorily explained, is a circumstance sufficient to authorize the jury to find that the accused is guilty as charged, but it does not create a presumption of law against the accused, and is not of itself necessarily proof of his guilt.
2. A conviction of burglary is not sustained by evidence which, taken most strongly against the accused, would only lead to the conclusion that he has been guilty of receiving stolen goods.

Submitted February 17, — Decided March 11, 1902.

Indictment for burglary.   Before Judge Estes.   Hall superior court.   January 4, 1902.

*H. H. Dean,* for plaintiff in error, cited, as to the instruction on recent possession of stolen property : 95 *Ga.* 223(4); 96 *Ga.* 355; 105 *Ga.* 649; 106 *Ga.* 371; 109 *Ga.* 165.

*W. A. Charters, solicitor-general,* contra, cited: 1 Greenleaf, Ev. § 34; 57 *Ga.* 505 ; 71 *Ga.* 864 ; 76 *Ga.* 17; 87 *Ga.* 551; 91 *Ga.* 284 ; 92 *Ga.* 33; 105 *Ga.* 651; 106 *Ga.* 372; 110 *Ga.* 774.

LEWIS, J.   The accused was tried in the superior court of Hall county, upon an indictment charging him with burglary, and was convicted.   He made a motion for a new trial, which was overruled, and he excepted.

1. The court charged the jury, in effect, that where a breaking and larceny have been shown, recent possession of the stolen prop-

erty by one accused of the burglary, not explained to the satisfaction of the jury, would be proof of his guilt; that while possession satisfactorily explained would create no presumption against the accused, "if he fails to account for it to the satisfaction of the jury, the law presumes he is the guilty party." This charge states too broadly the rule applicable to recent possession of stolen property, and was error manifestly prejudicial to the accused. It is true, as has been repeatedly ruled by this court, that such possession, unexplained, or not satisfactorily explained, is a very strong circumstance, upon which the jury will be authorized to infer the guilt of the accused. But to charge that this circumstance creates a presumption of law that the one so found in possession of stolen property is guilty of the theft thereof, and is of itself proof of guilt, is to compel the jury to do that which they are merely permitted by law to do. The presumption is one of fact, and not of law. There is nothing in what is here laid down which conflicts with the case of *Jones* v. *State*, 105 *Ga.* 650; for while it is there stated as a general rule that the recent, absolute, and unexplained possession of stolen goods raises a presumption of the guilt of the person having such possession, the greatest length to which the rule is carried is that it is sufficient to warrant the conviction of the accused, and at another point in the opinion the following language is used : " It is true that the possession of goods stolen at the time of the commission of a burglary is but a circumstance. If it is recent, it is, when unexplained, a very strong circumstance tending to show the guilt of the possessor, and it is sufficient to put the burden of explaining the possession on the person charged with the offense." In *Lester* v. *State*, 106 *Ga.* 372, the rule is stated in the following language: " If one be found in the recent possession of goods shown to have been stolen from the house at the time of the breaking and entering, such possession is sufficient to connect the person in possession with the perpetration of the offense. But it is not of itself conclusive." See, also, *Turner* v. *State*, 114 *Ga.* 425.

2. It appears that another person than the accused, one Cruse, has been convicted of the same burglary as that with which Gravitt was charged. There is nothing in the evidence to connect Gravitt with the breaking and entering of the store of the prosecutor as charged in the indictment, either as principal or as an accessory of Cruse. Viewed most strongly against the accused, the evidence

only authorized the inference that he was guilty of receiving stolen goods. The verdict finding him guilty of burglary was therefore unwarranted, and should have been set aside on motion for new trial.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*