## 10147.  HOLLIDAY v. THE STATE.

1. The unexplained, or the unsatisfactorily explained, possession of stolen goods—the fruits of a recent burglary—raises a presumption of guilt against their possessor. This presumption, however, is one of *fact*, and not of *law*. Accordingly, while it is error for the judge, in such a case, to charge the jury, in effect, that such possession raises a presumption *of law* of the defendant's guilt, it is not error to instruct them merely that such possession raises "a presumption of his guilt."

2. Under repeated rulings of this court and of the Supreme Court, a special ground of a motion for a new trial must be complete within itself, and will not be considered when a reference to the brief of evidence, or to some other portion of the record, is necessary to enable this court to understand the assignment of error.

3. It is only where the defense of alibi is sustained, or where the evidence is close on this issue, that the trial judge is required to charge the law of alibi, in the absence of a request so to do.

4. Where excerpts from the charge of the court are subject to some slight criticism, a new trial will not be granted therefor if no error appears when they are considered in the light of the entire charge.

5. Upon a trial for burglary, where the evidence shows that the accused was found in recent possession of stolen goods, the fruits of the burglary, and his explanation of his possession of the goods is not satisfactory to the jury, a presumption arises that he is guilty of the offense of burglary, and unless this presumption is overcome by other evidence, a verdict of guilty is authorized and can not be set aside by this court, if no error of law appears to have been committed upon the trial.

DECIDED FEBRUARY 11, 1919.

Indictment for burglary; from Muscogee superior court—Judge Howard.   September 19, 1918.

*D. H. Riddle, Frank D. Foley, Love & Fort,* for plaintiff in error.
. *C. F. McLaughlin, solicitor-general,* contra.

BROYLES, P. J.   The plaintiff in error was convicted of the offense of burglary. The undisputed evidence showed that, shortly after the commission of the burglary, the stolen goods—the fruits of the burglary—were found in the defendant's possession. The defendant made an explanation of his possession of the goods. It was entirely a question for the jury whether this explanation was satisfactory to them.

1. The following excerpt from the charge of the court was excepted to: "Where a burglary has been committed and property which was in the house at the time of the burglary is soon thereafter, or recently thereafter, found in the possession of one who is unable to account satisfactorily for his possession (of which explanation you are the sole judges), it raises a presumption of his guilt."

We do not think the judge erred in giving this instruction; especially when, *immediately* after the excerpt just quoted, he charged as follows: "All of these matters are for the jury, under all the facts and circumstances of the case, considering the nature of the property, the length of time which had elapsed after the alleged burglary, the explanation offered by the defendant, if any, for his possession, if he was recently in possession of them or any of the articles, if you should believe the property was stolen from the house at the time and that a burglary was committed as charged in the indictment, as previously stated to you." We concede that some confusion has arisen in the books on this subject. This confusion seems to have grown out of the fact that in some cases it has been held error to charge that the recent possession of stolen property, unexplained, raises a presumption *of law* of the defendant's guilt, while in other cases it has been held that such possession raises "a presumption of his guilt," and that to so charge is not error. A careless reading of these cases, without noting the distinction between a presumption of law and a presumption of fact, might lead one into doubt as to the correct rule. There is, however, as can readily be seen, no conflict between these decisions when this distinction is kept in mind. The confusion is also partly caused by the fact that some of these decisions hold that the word "inference" should be used by the trial judge, instead of the word "presumption." A presumption of fact, however, is really nothing more than an inference. "Presumptions are either of law or of fact. The former are conclusions and inferences which the law draws from given facts. The latter are exclusively questions for the jury, to be decided by the ordinary test of human experience." Penal Code (1910), § 1014. "Presumptions of fact are inferences as to the existence of some fact drawn from the existence of some other fact; inferences which common sense draws from circumstances usually occurring in such cases." 1 Phil. Ev. 436; Black's Law Dic. 933. Presumptions of fact, says Prof. Greenleaf, "are in truth but mere arguments, of which the major premise is not a rule of law; they belong equally to any and every subject matter; and are to be judged by the common and received tests of the truth of propositions and the validity of arguments. They depend upon their own natural force and efficacy in generating belief or conviction in the mind, as derived from those connections, which

are shown by experience, irrespective of any legal relations. They differ from presumptions of law in this essential respect, that while those are reduced to fixed rules, and constitute a branch of the particular system of jurisprudence to which they belong, these merely natural presumptions are derived wholly and directly from the circumstances of the particular case, by means of the common experience of mankind, without the aid or control of any rules of law whatever. · Such, for example, is the inference of guilt, drawn from the discovery of a broken knife in the pocket of the prisoner, the other part of the blade being found sticking in the window of a house, which by means of such an instrument had been burglariously entered." 1 .Greenleaf on Evidence, § 44. In deciding the case of Insurance Company *v.* Weide, 11 Wall. 438 (20 L. ed. 197), the Supreme Court of the United States defined a presumption to be "An inference as to the existence of a fact not actually known, arising from its usual connection with another which is known." In Jones on Evidence (2d ed.), § 10, it is said: "Since these inferences, sometimes called presumptions of fact,. are mere permissible deductions from the evidence, it has often been suggested that they are in fact not presumptions at all, but they are constantly recognized [as such] in the decisions, although often in a confused and inaccurate manner." " 'Presumptions of fact' are but inferences drawn from other facts and circumstances in a case and should be made upon the common principles of induction." 3 Words & Phrases (2d Ser.), 1167.

In *Tucker* v. *State,* 57 *Ga.* 505, it was held as follows: "That part of the charge of the court to the jury, to wit: 'Whenever it is established that a larceny has been committed, and the stolen goods are immediately afterwards found in the possession of a person, that fact is presumptive evidence that the person is guilty of the larceny of the character charged to have been committed', was unobjectionable." In *McGruder* v. *State,* 71 *Ga.* 864, the Supreme Court approved the following charge: "If the evidence satisfies the jury that the burglary was committed as alleged, and afterwards the stolen goods were found in the house and room occupied by the defendants, this would be *presumptive evidence of their guilt,* unless explained [italics ours] ; and any statement made by either of them, explanatory of the goods being there at the time they were so found, and while they were there, must be duly con-

sidered, and may relieve the suspicious appearance." In *Davis* v. *State*, 76 *Ga.* 16, it was said in the headnote that "Where a burglary has been committed, and a short time thereafter some of the property which was in the house broken open before and at the time of the burglary is found in the possession of the accused, if the possession of the property is .not accounted for, this affords *a presumption of guilt.*" (Italics ours.) And in the opinion in that case Mr. Justice Blanford said: "Certain exceptions are taken to the charge of the court, and specific assignments are made thereon. But a careful examination of the charge of the court fails to show any foundation for the exceptions. The charge is correct, as we understand the law. The whole charge and the part excepted to is free from any exception. The whole of it is, as we understand it, that where a burglary has been committed, and a short time thereafter some of the property, which was in the house before and at the time of the burglary, is found in the possession of the accused, in such a case, if the possession of the property is not accounted for, this affords *a presumption of guilt.* This has been the law time out of mind. The decisions of the English courts, from whom we derived our law, and of all the courts in this country, fully establish this principle" [italics ours]. In *Lundy* v. *State*, 71 *Ga.* 360, the first headnote is as follows: "Where a burglary has been committed, and money, goods, or other property which was in the house at the time of the burglary is soon thereafter found in the possession of a person who is unable to account for his possession, it raises a presumption of his guilt, and the jury would be authorized to find a verdict of guilty." In *August* v. *State*, 11. *Ga. App.* 798 (76 S. E. 164), the 4th headnote is as follows: "The following instruction was abstractly correct and warranted by the evidence: 'The exclusive and unexplained possession of stolen property recently after a burglary, in the commission of which a theft was perpetrated, may raise a presumption of fact that the party in possession is the burglar, where the burglary has been established beyond a reasonable doubt; and the burden would be upon the person in whose recent possession the goods, if stolen, were found to explain such possession. It is a presumption arising out of fact, and is, therefore, a matter for the jury,—what would be recent possession is a matter for the jury, as is the satisfactoriness of the explanation. The presumption being one of

fact, before it arises the State must have established the facts from which the inference is drawn, beyond a reasonable doubt; and whilst the burden is upon the defendant, if such facts have been established beyond a reasonable doubt, to explain the possession to the jury, such explanation may be drawn from any evidence in the case which demonstrates it, or from the statement of the defendant, if such statement satisfies the jury upon that point.' " See also, to the same effect, 1 Greenleaf on Evidence, § 34; Jones on Evidence (2d ed.), §§ 9, 10; 12 Am. & Eng. Enc. Law, 845; *Griffin* v. *State,* 86 *Ga.* 257 (12 S. E. 409), *Falvey* v. *State,* 85 *Ga.* 157 (11 S. E. 167) ; *Jones* v. *State,* 105 *Ga.* 649, 650 (31 S. E. 574) ; *Lester* v. *State,* 106 *Ga.* 372 (32 S. E. 335) ; *Cuthbert* v. *State,* 3 *Ga. App.* 600 (60 S. E. 322) ; *Bryant* v. *State,* 4 *Ga. App.* 851 (62 S. E. 540).

The holding in *Gravitt* v. *State,* 114 *Ga.* (40 S. E. 1003, 88 Am. St. R. 63), is not only not contrary to the present ruling, but supports it. In that case it was held that the possession of stolen property, not satisfactorily explained, does not create a presumption *of law* against the accused, but Mr. Justice Lewis, who wrote the opinion, clearly stated that the presumption was one of fact, and not of law. The charge of the court in that case was held to be error because the court stated in effect, that a *presumption of law* that the accused was guilty was created by the recent possession of stolen goods unaccounted for. This distinction between a presumption of law and a presumption of fact is clearly set forth by Mr. Justice Cobb in *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227). In that case the following charge (which is substantially the charge complained of in the instant case) was approved: "Where a burglary has been committed, and money, goods, or other property which was in the house at the time of the burglary is soon thereafter found in the possession of a person who is unable to account for his possession, it raises a presumption of his guilt, and the jury would be authorized to find a verdict of guilty." Judge Cobb, in that case, like Judge Lewis in the *Gravitt* case, distinctly held, in effect, that the recent possession of stolen property, unaccounted for, raises a presumption of guilt against the possessor of such property, but that this presumption is one of fact and not of law. We think, from the authorities cited above, we have conclusively shown that the charge complained of in the instant case was not erroneous.

2. The first two special grounds of the motion for a new trial are not complete within themselves. Before this court could understand the assignments of error made therein, a reference to the brief of evidence, or to other parts of the record, would be necessary. Therefore, under the ruling stated in the 2d headnote, these grounds can not be considered.

3. It is only where the defense of alibi is sustained, or where the evidence is close on this issue, that the trial judge is required to charge the law of alibi, in the absence of a request so to do. *Moody v. State,* 114 *Ga.* 449 (40 S. E. 242) ; *Smith* v. *State,* 6 *Ga. App.* 577 (65 S. E. 300) ; *Throckmorton* v. *State,* 23 *Ga. App.* 112 (97 S. E. 664). Under the evidence in this case the court did not err in failing to so charge.

4. The instructions of the court upon the subject of "reasonable doubt," and of circumstantial evidence, when taken in connection with the entire charge, were not erroneous.

5. Under the ruling stated in the 5th headnote, and the facts of this case, the finding of the jury, that the accused was guilty of burglary as charged in the indictment, was authorized by the evidence. It was entirely a matter for the jury to determine whether the explanation given by the accused, as to how he came into possession of the stolen goods, was satisfactory to them. They determined that it was not. The presumption then arose that the accused was guilty as charged. There was no other evidence in the case which overcame this presumption, and as the verdict has been approved by the trial judge, and no error of law appears to have been committed upon the trial, this court is without jurisdiction to set aside the verdict.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. There is not a particle of evidence in this case tending in any manner to connect the defendant with the alleged burglary other than an alleged recent possession by him of some of the goods stolen, unsatisfactorily accounted for. His conviction is, therefore, dependent upon the rule of law that upon the trial of a defendant charged with burglary, when a breaking is shown and the defendant is found in recent possession of the goods stolen, the possession unexplained to the satisfaction of the jury, the jury is authorized to infer his guilt. The judge charged the

jury as follows: "Where a burglary has been committed and prop-
erty which was in the house at the time of the burglary is soon
thereafter, or recently thereafter, found in the possession of one
who is unable to account satisfactory for its possession (of which
explanation you are the sole judges), it raises a presumption of
his guilt." This portion of the charge instructed the jury that it
was their duty as a matter of law to convict the defendant on such
evidence. The charge in this respect was erroneous and contrary
to law, in that such evidence did not demand a conviction, but
merely authorized the jury, in its discretion, to convict. This error
was not cured by the judge immediately thereafter further
stating in his charge that "all of these matters are for the jury,
under all the facts and circumstances of the case, considering the
nature of the property, the length of time which had elapsed after
the alleged burglary, the explanation offered by the defendant, if
any, for his possession, if he was in recent possession of them, or
any of the articles, if you should believe the property was stolen
from the house at the time, and that a burglary was committed as
charged in the indictment, as previously stated to you." Since
the defendant's guilt depended *entirely* upon a proper application
of the rule of law which the judge attempted to give in charge, the
charge in this respect should have been clear and free from any
ambiguity or misconstruction. The additional qualifying language
was susceptible to the construction that if the jury were not satis-
fied with the explanation of recent possession offered by the defend-
ant, then the jury *should* find him guilty, and it would be obligatory
upon them to bring in a verdict to that effect; whereas the true
rule is that under such circumstances the jury would only be
*authorized,* in its discretion, to find the defendant guilty. The law
is well settled that such prima facie evidence of guilt merely
*authorizes,* and does not *demand* a conviction. Such evidence is
not of itself necessarily proof of guilt. It creates no presumption
of law against the defendant, and does not, as a matter of law,
require his conviction. In the case of *Gravitt* v. *State,* 114 *Ga.*
841, where the court below charged the jury that where, under
such a state of facts, the accused failed to account for the alleged
stolen property "to the satisfaction of the jury, the law presumes
that he is the guilty party," this charge was held to be error. Mr.
Justice Lewis, in that case, referring to this language, said, "This

charge states too broadly the rule applicable to recent possession of stolen property, and it was error manifestly prejudicial to the accused." This language was identical in substance and effect with that portion of the charge referred to and excepted to in the instant case.

After all, it is purely a question of a construction of the judge's charge. Do we or do we not construe the language as submitting to the jury the proposition as a presumption of *law,* or as a presumption of *fact?*" From an inspection of the original record in the *Gravitt* case, cited supra, the language of the charge as a whole comes nearer submitting the proposition as a presumption of fact than does the charge in the case we are now called upon to decide. As I plant my dissent upon the authority of the *Gravitt* case, I quote at length from the charge in that case: "A rule of law is that when there has been a larceny, a breaking and entering and taking away the goods of another, and some party is found to be in the recent possession of these goods soon after they were stolen, soon after the burglary is committed, or larceny was committed, then if he fails satisfactorily to account for his possession to the satisfaction of the jury, the jury has the right to presume he is the guilty party, but if he shows satisfactorily to the jury that his possession is lawful, then nothing may be presumed against him as to his guilt. Now, in weighing the subject, all that the defendant said is to be considered by the jury. What did he say? Did he make different statements? Did he say whom he got them from, and always say the same, or was there a difference about it? Was there any reason for telling it differently? Examine it all. If it is satisfactory to your minds, if he made satisfactory explanations, then possession would not be proof of his guilt, but if it is not satisfactory, then possession would be proof of his guilt; but if it is not satisfactorily explained, then the law authorizes you to presume that he is the guilty party, because if he got them lawfully he could account for their possession, and if he didn't the law presumes he is the guilty party; what I mean to say is this, if he has the goods in his possession, then he must account for that possession, and when he does, when he accounts for it to the satisfaction of the jury, then there is no presumption against him that he was the guilty party; but if he fails to account for it to the satisfaction of the jury, the law presumes he is the guilty party." Nota bene the

following expressions in the charge in that case: "If he fails satisfactorily to account for his possession to the satisfaction of the jury, the jury has the right to presume he is the guilty party. . . . If it is satisfactory to your minds, if he made satisfactory explanations, then possession would not be proof of his guilt, but if it is not satisfactory, then possession would. be proof of his guilt, but. if it is not satisfactorily explained, then the law *authorizes* [italics mine] you to presume he is the guilty party." I am willing to stand with Mr. Justice Lewis, the great jurist who wrote the opinion in that case. I feel that my position is well fortified when I can rely upon him as authority.

This rule is easily misunderstood, and in cases of this kind, where a conviction depends *entirely* upon its proper application, it should be clearly stated to the jury. There should be no language in the charge from which the jury might infer that, *as a matter of law,* such testimony would establish guilt, or would, in the language excepted to, "raise a presumption of guilt." The judge in his charge laid down an erroneous proposition of law, and in his subsequent language failed to correct it or so far explain it as to clearly deprive it of its erroneous meaning. This was highly prejudicial to the rights of the accused, and a new trial should for this reason be granted.