## 23336. MORRIS v. THE STATE.

. DECIDED NOVEMBER 4, 1933.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MacIntyre, J. M. L. Morris was convicted of the larceny of an automobile. The exception here is to the judgment overruling the defendant's motion for a new trial.

The evidence shows that the stolen car was in the possession of the defendant nine days after the theft; that on the day it was recovered he was driving the car, and had another man in the car with him; and that on the approach of the officers they fled, and wrecked the automobile with nine gallons of liquor in it. The witnesses for the State testified that the defendant confessed and gave the details of how he and the other man in the car had "spotted" the automobile and stolen it.

In his statement to the jury the defendant did not deny having confessed, but, with reference to the confession, said: "I did talk to the officers, but don't recollect now what I told them." The defendant presented an alibi, his cousin and aunt and a negro who worked for them testifying that he was at home at the time the car was stolen. The jury determined the issue of fact as to the alibi against the defendant. This they were authorized to do. *Wiley* v. *State,* 44 *Ga. App.* 635, 636 (153 S. E. 630). We hold that the evidence authorized the verdict, and that the trial judge did not err in overruling the general grounds of the motion for a new trial.

The amendment to the motion for a new trial contains but one ground, wherein it is averred that the court erred in charging the jury as follows: "Where the larceny of an automobile has been proven, and where one is found in possession of the same recently after the theft, so as to require explanation of his possession, and he fails to give satisfactory explanation of how he came into possession of the stolen property, such recent possession, if not explained to your satisfaction, would be a circumstance from which you would be authorized to convict him, unless he makes an explanation of his possession consistent with his innocence; and, as I have said, such recent possession raises a presumption of guilt. Of course, the sufficiency of those facts to authorize a conviction are questions for the jury." That part of the charge which says, "and, as I have said, such recent possession raises a presumption of guilt," is on the borderland of being erroneous. "It is unfortunate that there

are not two distinct names in use for what are known as presumptions *of law* and presumptions *of fact;* for the difference in their nature and grounds is marked and important. The latter class are founded on actual probability. . . But it is impossible to sustain the doctrine of presumptions of law on the theory that they rest on a probability of fact." 2 Abbott's Dictionary of Terms and Phrases, 309. *"Presumptions of law* are rules which, in certain cases, either forbid or dispense with any ulterior inquiry. 1 Gr. Ev. § 14. [Presumptions of law are] inferences or positions established, for the most part, by the common, but occasionally by the statute, law, which are obligatory alike on judges and juries. Best, Pres. § 15. *Presumptions of fact* are inferences as to the existence of some fact drawn from the existence of some other fact; inferences which common sense draws from circumstances usually occurring in such cases. 1 Phil. Ev. 436." Black's Law Dictionary, 933. In *Hill* v. *State,* 63 *Ga.* 578 (36 Am. R. 120), Judge Bleckley said: "There is a wide difference between resting the result of a trial upon facts which legally *constitute* the offense charged, and making it turn upon other facts which are merely *evidence* of the constituent facts." In a case like the instant case, to charge the jury that the law raises a presumption from the recent possession of the stolen property that the defendant committed the larceny would, in effect, be saying that this presumption is one of law, and that when the recent possession of stolen property was shown, unless such possession was explained to the satisfaction of the jury, the jury *should* convict, and such charge would be erroneous. On the other hand, to charge that it is a rule of evidence that such proof of recent possession would authorize the jury to infer that the accused was guilty, unless such possession was explained to the satisfaction of the jury, would not be erroneous. To charge in this way would be, in effect, to say that the jury *could* or *might* find the defendant guilty. In *Griffin* v. *State,* 86 *Ga.* 257, 262 (12 S. E. 409), the court says it was error to charge that "the law raises the presumption from the possession that he committed the larceny," and that the court would have reversed the judgment if it had not been satisfied that the evidence demanded the verdict. The attorneys for the State contend that the charge in the instant case is sustained by the charge in *Davis* v. *State,* 76 *Ga.* 16, 17, wherein the court said: "The whole charge and the part excepted

to is free from any exception. The whole of it is, as we understand it, that where a burglary has been committed, and a short time thereafter some of the property, which was in the house before and at the time of the burglary, is found in the possession of the accused, in such a case, if the possession of the property is not accounted for, this affords a presumption of guilt." However, in looking to the original charge on file in the records of the Supreme Court, we find that the trial judge gave the following charge: "When it is shown that a burglary has been committed and, at the time the burglary was committed, certain articles were in the house, and that shortly thereafter a party is found in possession of those articles, then that is a circumstance from which you may infer that that was the party who broke and entered the house." It will thus be seen that "language used by the Supreme Court in deciding a case before it, especially where used in discussing the facts of such case, is often inappropriate for use by the judge of a trial court in charging the jury." *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (2) (51 S. E. 29). It is interesting to observe that Judge Blandford wrote the decision in the *Davis* case above, and later wrote the decision in the *Griffin* case, wherein he definitely laid down the correct doctrine as applicable to cases of that "sort."

We think the correct rule in cases like the one under consideration is: Where stolen goods are found in the possession of the defendant charged with larceny, recently after the commission of the offense, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction. See *Griffin* v. *State,* supra.

This is not a close case under the evidence, and even if the charge had been erroneous, "the evidence being beyond all question sufficient, and the verdict being indubitably correct," the judgment is affirmed. *Hill* v. *State,* supra.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*