### 23558. PEAVY v. THE STATE.

DECIDED NOVEMBER 11, 1933.

*W. A. McClellan, J. A. Fausett,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

GUERRY, J. Albert Peavy was tried and convicted under a joint indictment against B. E. Lockhart, John Lockhart, and himself, charging them with burglary. The evidence discloses that on the night of March 22, 1933, the storehouse of the Birdsey Flour Mills Incorporated was broken into and certain described property stolen therefrom; that two police officers of the city of Macon, while making their rounds about 2:30 o'clock in the morning, saw B. E. Lockhart coming across the street from the storehouse towards a parked automobile, which belonged to Albert Peavy, the defendant, and

that when Lockhart saw the officers he dropped the merchandise he had and ran. The officers drove up to the parked automobile and saw the defendant sitting under the wheel. He immediately cranked up the car and drove rapidly away. John Lockhart, another defendant, was in the car with him. The officers gave hot pursuit, and when about to pass him, he (the defendant) turned his car into that of the officers and caused some damage to it, and he continued on down the street. The officers took up the chase again, and, when they started to drive their car around him again, he drove his car into theirs. The chase continued four or five miles into the river swamp, where the defendant's car bogged up and he jumped out, ran a short distance, and jumped into a lake, where he was caught and brought back to town. Most of the stolen merchandise was found in the car the defendant was driving. In coming back to the city the defendant told the officers that "he was going to have something to eat for his wife and children if he had to steal it; that he knew it meant twenty years for him." He was under parole because of a felony conviction in 1928, for which he had been sentenced for seven years. John Lockhart, who was in the car with defendant, testified that the defendant and B. E. Lockhart planned the crime and made him go with them, and the defendant was the man who broke the window in entering the storehouse. A great many other details of the crime were also shown. The defendant assigns error on a number of grounds with reference to the charge of the court. The first special ground is expressly abandoned. Special grounds 3, 4, and 6 are manifestly without merit. They are hypercritical and attempt to put a strained construction on what is the usual and ordinary language of the charge with respect to the principles being given in charge. They require no discussion. The charge quoted in the headnote, taken by itself, is subject to the criticism made thereon by counsel, for the only effect of recent unexplained possession of stolen property is that from it the jury may presume guilt; it does not create a presumption of *law* that the defendant is guilty of the crime. Such evidence is sufficient to authorize, as a matter of fact, a verdict of guilty, and places on the defendant the burden of satisfactorily explaining such possession. It is not conclusive as a matter of law. It has been held to be error for the court to charge the jury that "if he fails to account [for the recent possession] to the

satisfaction of the jury, the law presumes he is the guilty party." *Gravitt* v. *State,* 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63). However, in that case it was also held that the evidence did not support the verdict of guilty. See also, in this connection, *Holliday* v. *State,* 23 *Ga. App.* 400 (98 S. E. 386). In *Griffin* v. *State,* 86 *Ga.* 257 (4) (12 S. E. 409), it was said: "For the court to charge that if the larceny was committed at a certain time and place and the goods stolen were afterwards found in the possession of the accused, such facts would 'raise the presumption under the law of the prisoner's guilt, and it is incumbent on the prisoner, the goods stolen having been found in his possession, to explain that possession to the satisfaction of the jury,' or that if the goods were found in his possession and such possession is left unexplained, 'the law raises the presumption from that possession that he committed the larceny,' is error, but does not require a new trial where the verdict is demanded by the evidence." Furthermore, immediately preceding the charge complained of and in connection therewith, the court had charged the jury as follows: "The recent possession of property stolen from a building recently burglarized, if no satisfactory explanation is made of such possession, authorizes, but does not require, the jury to presume that the possessor of such stolen property is the person who committed the burglary." In the *Gravitt* case, supra, the court charged that in the event of a failure to account satisfactorily for the possession, "the *law* [italics ours] presumes he is the guilty party." In the present case the language used admits of no such strong construction, and indeed we doubt if the jury would understand the distinction between a presumption of law and a presumption of fact. The court had just used language which was clear and definite, and gave to the jury the true rule. It may be reasonably said that the evidence demanded the verdict in this case; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

MacIntyre, J., concurring specially. In concluding the charge on recent possession, the court instructed the jury as follows: "If the explanation is reasonable, that removes the presumption of law from the case altogether; and also consider whether or not the possession was recent after the burglary." I think the phrase, "if the explanation is reasonable, that removes the presumption of

law from the case altogether," was clearly error; and that the case should be reversed but for the fact that the evidence was beyond all question sufficient and the verdict was indubitably correct. *Griffin* v. *State,* 86 *Ga.* 257, 262; *Gravitt* v. *State,* 114 *Ga.* 841; *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. — ).