Considering the evidence in its most favorable light to upholding the verdict, it authorized the conviction of the defendant on count one of the indictment charging the larceny of an automobile, and on count two of the indictment charging the larceny of a separate automobile on a different day; the court did not err in overruling the motion for new trial which contained the usual general grounds only. Morris v. State, 47 Ga. App. 792 (171 S.E. 555).
Judgment affirmed. Gardner and Townsend, JJ.,concur.
 DECIDED NOVEMBER 15, 1947.
Dewain Heaton, J. D. York Jr., and Lawrence York were indicted in Fulton Superior Court on three counts. Count one charged the offense of larceny of an automobile on December 27, 1946, and count two charged the offense of larceny of a separate automobile on December 12, 1946. Count three charged that the defendants changed and altered the motor number of the automobile referred to in count two.
The defendant Heaton was tried separately, and we are here concerned with the question of whether the trial judge erred in overruling Heaton's motion for new trial.
The defendant was convicted on counts one and two but was acquitted on count three.
Count two charged the defendant with the offense of larceny of an automobile in that he did privately take, steal, and carry away with intent to steal one Chevrolet automobile, the property of R. I. Dickinson, on December 12th, 1946. The police recovered the automobile, and on January 10th, 1947, Dickinson identified it as his.
Charles Vinson testified that in December, 1946, he bought the Dickinson automobile which was in a wrecked condition. He testified: "Joe D. York was the one I made the check to for *Page 142 
the car. Dewain Heaton [defendant] and Lawrence York were with Joe D. York when I bought the car. I know Dewain Heaton. . . After I bought this car from Heaton and York I saw Dewain Heaton, the defendant now on trial, in the Clarkesville jail. I identified him at that time as being the one that sold me the car; he and Joe D. York sold me the car; he and Joe D. York were there. I identified him as one of them that sold me the car. When I bought the car it was sitting up at Dewain's house [Heaton]. I went up there and looked at the car, the car had been wrecked. . . I told him I would give him two and a quarter and the A model [Ford] for the Chevrolet; so he finally accepted it and we hooked the A model to the Chevrolet and pulled the Chevrolet from Dewain Heaton's house down to my house. . . I wrote the check to Joe D. York for the car, wrote the check for $222.00 and gave him $3.00 to make two and hundred and twenty-five. The defendant was in my presence at the time I wrote the check and gave it to J. D. York. After they carried the car to my house it stayed there in the yard until Mr. Norton and the State troopers came and got it and carried it to the Chevrolet place at Cornelia. . . I asked the defendant, Dewain, if the car was clear and he said it was. I heard the State trooper say he claimed the car when it was wrecked and that is the reason I was asking him about the car. He just told me there wasn't anything against the car, that the car was clear."
On cross-examination Vinson testified: "York is the man I bought the car from, gave the check to. . . I bought it at Dewain's house. . . Joe D. York gave me the bill of sale and I paid him for it. He gave me the bill of sale but to the best of my knowledge Dewain Heaton was the one wrote the bill of sale out. He wrote it for York at York's direction."
On redirect examination Vinson stated: "I know what happened to that A model Ford that I traded in on that car. The last time I saw it it was at Dewain Heaton's daddy's."
Ed L. Norton, a criminal investigator for the Georgia Bureau of Investigation, testified that the defendant freely and voluntarily without hope of benefit or reward and without fear of punishment made a statement to him. Norton testified: "He [defendant] told me about this 1940 model Chevrolet that belonged *Page 143 
to Mr. Dickinson, he told me about the wreck the car was involved in over there on highway 13. He told me he claimed the automobile at the time of the collision. He claimed it from the State troopers."
As to count one the evidence was in effect that the Chevrolet automobile of Paul Koppe was stolen from Fulton County, Georgia, about fifteen days after Dickinson's automobile was stolen R. W. Poole, who lives at Nell's Creek in Banks County, purchased the automobile from J. D. York, Lawrence York and the defendant on December 28, 1946. He testified: "At the time I bought the car and the transaction was completed they did not give me any paper or any statement of any sort, except I had a bill of sale fixed up. Joe York is the one that signed the bill of sale. . . The defendant was there at the time this bill of sale was given to me." On cross-examination he testified: "Dewain Heaton was just there trying to sell the car to me and he was the one who went and got the motor number off the car."
Poole testified further: "I bought this car at my home. They brought the car out there to my house. I gave them $450.00 for it. I asked them if the automobile was clear and they all said it was. They said they bought the car from Ike Farmer at Toccoa. I went up there and checked with Mr. Farmer to see if that car came from there. I learned this automobile was stolen about the 29th, or something like that, of December. I went to the State patrol station and had them to check. Then I learned the automobile was stolen."
Norton testified that when the last transaction was completed the defendant went to West Palm Beach, Florida, the next day.