### 32278. BOOTH *v.* THE STATE.

DECIDED MAY 12, 1949.

*Herbert W. Wilson, Leon A. Wilson II,* for plaintiff in error.
*J. R. Walker Jr., Solicitor-General,* contra.

MACINTYRE, P. J. J. W. Booth was indicted, tried, and convicted of simple larceny of an automobile. His motion for a new trial, based solely on the general grounds, was overruled and he excepted.

The jury was authorized to find: that a four-door, 1947-model

Chevrolet automobile, motor number EAA-605500, was stolen from Jack Hopkins in Waycross, Georgia, between the hours of 7:30 and 10 o'clock on the night of July 13, 1948; that on July 13, 1948, at about one o'clock in the afternoon, the defendant effected an automobile trade with Jake Taylor, a salesman for Dewey Durrence in Waycross; that the defendant exchanged a Chevrolet plus $500 for a green Chrysler, bearing a New York license; and that later, when the Chevrolet which the defendant had traded to Taylor was steam-cleaned, it was discovered that the motor number had been altered, that the automobile had been stolen, by checking the secret motor number, and it was necessary for Mr. Durrence to return that automobile to its owner in Sylvester, Georgia; and that at the time this automobile was traded by the defendant, he was met at Durrence's place of business by a man in a jeep station wagon, who inquired of the defendant if he had traded, and when told that he had said, "Let's go," and the defendant drove off in the green Chrysler, followed by the station wagon, in the direction of Nicholls, Georgia is in Coffee County. Taylor, the salesman for Durrence, identified the driver of the station wagon as being the same man as the one whose picture was presented to him on the trial as that of Jesse James Roberts. The jury was further authorized to find: that the defendant was in Atlanta on July 14, the day after the alleged theft of the automobile, at or across the street from the place of business of W. M. Massingale, an automobile dealer, discussing with Massingale selling the Chevrolet in question (not to be confused with the Chevrolet which the defendant traded to Durrence in Waycross), when several members of the Atlanta Police Department came to Massingale's place of business and examined the Chevrolet in question, but found nothing amiss; that the defendant then inquired of one of the police where he might have the automobile checked more positively, as they seemed to think that it might have been stolen; that the defendant was instructed to see Lieutenant Barrett of the Detective Bureau, which he did; that Barrett instructed the defendant to bring the car back the following day, which he did, and on that day Barrett placed him under arrest; that Barrett checked with a Chevrolet dealer and discovered that the automobile's motor number had been altered

and that the car had been stolen; and that the automobile was thereafter returned to Jack Hopkins in Waycross. Barrett testified that the defendant told him that he had purchased the automobile from one Gibbons on July 13 in Kirkland, Georgia, between 10:30 and 11 p. m., and the defendant described Gibbons and stated that he was driving a green Chrysler, bearing a New York license, and that Gibbons delivered to the defendant the keys to the automobile together with a bill of sale. It appeared from the evidence that the bill of sale was executed in Colquitt County, bearing date of July 12, 1948, and signed by Jessie Gibbons; that the motor number on the automobile (as altered) corresponded with that on the bill of sale; that the license tag, issued on March 31, 1948, was issued for the car as bearing the motor number as altered; but that this number was not that of the manufacturer.

The defendant made a statement generally denying his guilt and seeking to establish an alibi, that is, that he was in a hotel in Tifton, Georgia (approximately seventy miles away from Waycross) during the hours during which the car was apparently stolen. He introduced several witnesses who testified as to his good character, and the hotel clerk from Tifton where he claimed he was on the night of the crime. This witness's testimony might have been disregarded, as it seems to have been, by the jury, as the sheriff testified that this witness had made prior contradictory statements to him that he did not know the defendant and had never seen him and did not know that the defendant was ever in the hotel until the F. B. I. came around checking the cards in the file and found that he was registered there. On the trial this witness testified that the defendant went to his room between 7 and 8 o'clock and that he did not see him come down again.

From this evidence the jury was authorized to find that the defendant was on the day of the theft in question in the vicinity of the locus of the crime; that he had disposed of one stolen automobile in the City of Waycross at about one o'clock on July 13, and that on the same date in the same city at some time between 7:30 and 10 o'clock at night the Hopkins car, the one in question, was stolen; that the defendant was found in posses-

sion of and attempting to dispose of the automobile on which the motor number had been changed; and to infer that the defendant was guilty of the larceny of that automobile. See, in this connection, *Morris* v. *State*, 47 *Ga. App.* 792 (171 S. E. 555); *Gravitt* v. *State*, 114 *Ga.* 841 (40 S. E. 1003); *Lewis* v. *State*, 120 *Ga.* 508 (48 S. E. 227).

The evidence authorized the verdict, and no other error of law having been assigned, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*