## 35461.   CRAIG *v*. THE STATE.

TOWNSEND, J.   1. A recent possession of stolen goods, not satisfactorily explained, is an inference of guilt (*Chambers* v. *State,* 68 *Ga. App.* 338 (3), 23 S. E. 2d 545; *Hunt* v. *State,* 64 *Ga. App.* 320, 13 S. E. 2d 117; *Lundy* v. *State,* 71 *Ga.* 360), on a prosecution for burglary.

2. Evidence of other criminal transactions is not generally admissible on the trial of a defendant in a criminal case, there being an exception in cases where two crimes are so similar in point of method or time that the proof of one tends to prove the other. *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615); *Merritt* v. *State,* 168 *Ga.* 753 (1) (149 S. E. 46). Where the evidence shows, as it does in this case, that on a certain week end two offices were broken and entered by similar methods; that from one of these offices a stethoscope was stolen, which was later found in the possession of the defendant (who offered contradictory explanations of its presence on his premises); that from the other office a sum of money, with the burglary of which the defendant is here charged, was extracted from a locked box, and that the defendant's fingerprints were found on the box, such evidence is sufficient to warrant a conviction, and the judgment of the trial court denying the motion for new trial on the general grounds is without error.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 27, 1955.

*John J. Sullivan,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor-General,* contra.