### 38835. MATHEWS v. THE STATE.

JORDAN, Judge. John J. Mathews was tried and convicted in the Superior Court of Clayton County for the offense of burglary. His motion for a new trial on the general and two special grounds was denied, and the exception is to that judgment. *Held:*

1. The first special ground of the amended motion for new trial contends that the court erred in refusing to declare a mistrial for the reason that the answer of a witness for the State to a question propounded to him by the solicitor-general put the defendant's character in issue when he had not done so himself. The witness, O. W. Allen, a detective with the Atlanta Police Department, in answer to the question, "State to the court your purpose of going to his [the defendant's] home," testified as follows: "We went to his home looking for some stolen goods." Since the court promptly sustained the objection of counsel for the defendant to this testimony and ruled out the question and answer objected to, and instructed the jury not to consider the witness's testimony, this ground is without merit. *Carrigan v. State*, 206 Ga. 707 (2) (58 S. E. 2d 407); *Stanford v. State*, 201 Ga. 173 (2) (38 S. E. 2d 823); *Eden v. State*, 43 Ga. App. 414 (1) (159 S. E. 134).

2. Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction. *Morris v. State*, 47 Ga. App. 792, 795 (171 S. E. 555). Special ground 2 which assigns error on that portion of the court's charge, which embodied this principle of law, is without merit.

3. The general grounds of the motion for new trial, not having been referred to or argued by counsel for the defendant, are considered abandoned.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

DECIDED MAY 24, 1961.

*James R. Venable, Essley B. Burdine,* for plaintiff in error.
*D. M. Johnson, Solicitor-General,* contra.