### 43648.    TAYLOR v. THE STATE.

WHITMAN, Judge. 1. This is an appeal from a judgment of conviction and sentence for burglary. The first enumerated error is that the trial court erroneously denied appellant's motion to suppress certain evidence. The motion to suppress was not made in writing as required by *Code Ann.* § 27-313 (b) (Ga. L. 1966, pp. 567, 571) and, therefore, was properly overruled.

2. The second enumeration is that appellant's motion for a directed verdict was improperly overruled. W. W. Davis testified that his home had been broken into and his 16-gauge Winchester pump shotgun with weld spots on its magazine was taken.

The search warrant issued to search appellant's car was admitted in evidence and it specified the shotgun described by Davis as the object of the search. The officers who conducted the

search testified they found such a gun. The gun was admitted in evidence and identified by Davis as his. The appellant in an unsworn statement stated that he bought the gun from two Negroes for $25 after they helped him change a flat tire. This evidence did not demand a finding of acquittal and therefore there was no error in overruling appellant's motion for a directed verdict. (Although formerly it was never error for the trial judge to deny a motion for directed verdict, the Appellate Practice Act of 1965, as amended, now provides that such may be enumerated as error. *Sutton v. State,* 223 Ga. 313, 314 (154 SE2d 578)).

3. The third and fourth enumerations are that the court erred in charging the jury, in effect, that where a burglary is proved to have been committed, the recent possession by one of an article shown to have been in the house at the time of the breaking and entering would raise the presumption of guilt unless satisfactorily explained, the burden of making such explanation being on the defendant.

This was a proper charge. *Tucker v. State,* 57 Ga. 503; *McGruder v. State,* 71 Ga. 864; *Lundy v. State,* 71 Ga. 360; *Harrison v. State,* 74 Ga. 801 (4); *Davis v. State,* 76 Ga. 16; *Rutland v. State,* 90 Ga. 102 (15 SE 813); *Holliday v. State,* 23 Ga. App. 400 (1) (98 SE 386); *Hobbs v. State,* 38 Ga. App. 205 (1) (143 SE 509); *Mathews v. State,* 103 Ga. App. 743 (2) (120 SE2d 359); *Self v. State,* 108 Ga. App. 201 (2, 3) (132 SE2d 548).

The defendant has the burden of making an explanation of his recent possession which is satisfactory to the jury, and it is for the jury to say whether he has done so. *Daniel v. State,* 65 Ga. 199, 200; *Rutland v. State,* 90 Ga. 102, supra; *Wiley v. State,* 3 Ga. App. 120 (2) (59 SE 438); *August v. State,* 11 Ga. App. 798 (4) (76 SE 164).

It is to be noted that the presumption is one of *fact* and not of law; consequently, it would have been better terminology if the court had used the word *inference* rather than the word presumption, as appears from the opinions in *George v. State,* 25 Ga. App. 400 (103 SE 471); *Morris v. State,* 47 Ga. App. 792 (171 SE 555); *Walden v. State,* 83 Ga. App. 231, 232 (63 SE2d 232); and *Craig v. State,* 91 Ga. App. 418 (1) (85 SE2d 777).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued May 6, 1968—Decided October 3, 1968—
Rehearing denied November 4, 1968—

*Pritchard & Thomas, M. C. Pritchard,* for appellant.
*Dewey Hayes, Solicitor General,* for appellee.