## 52882. CARPENTER v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of the theft by taking of an automobile, property of Jerry W. Burnette, and sentenced to five years confinement, two years probated. In his appeal, appellant enumerates as error (1) the admission of testimony of a state's witness of the contents of two documents which were not introduced into evidence, and (2) an instruction to the jury as to unexplained possession of recently stolen property. *Held:*

1. Appellant contends that the trial court erred in allowing the testimony of a policeman concerning two documents which were not introduced into evidence.

(a) The first document was a golf club membership card. The policeman testified that the card was shown to him by appellant in response to the policeman's request of identification. He testified further, over a "best evidence" objection, that the name shown on the card was Mr. Burnette, the owner of the stolen car.

The trial court properly overruled the objection. The policeman testified that appellant gave the card to him but that he immediately returned the card to appellant and that he has not had possession of it since then. Secondary evidence is admissible if there is a showing that the primary evidence, for some sufficient cause, is not accessible to the party. Code § 38-212. Where the primary evidence is in the possession of a criminal defendant, it is

deemed inaccessible to the state because the state cannot force the accused to produce evidence that will incriminate himself. *Moore v. State,* 130 Ga. 322 (4) (60 SE 544); *Mell v. State,* 69 Ga. App. 302 (4) (25 SE2d 142). Here the policeman's testimony that he gave the card back to the appellant was a sufficient showing of inaccessibility to permit the secondary evidence.

(b) The second document was a checkbook which was found over the sun visor inside the stolen car. The policeman was permitted to testify that the name on the checkbook was Mr. Burnette. Appellant objected on the ground that such testimony was hearsay. The trial court admitted the testimony only for the purpose of explaining the policeman's subsequent conduct; to wit, verification that the car did belong to Mr. Burnette and suspicion that appellant stole the car leading to his arrest. As such the testimony was admissible as original evidence explaining the policeman's conduct. Code § 38-302; *Terrell v. State,* 138 Ga. App. 74 (1) (225 SE2d 470).

2. Appellant also complains that the trial court erred in instructing the jury on possession of recently stolen property. The instruction was: "And, I charge you that if you find, and believe beyond a reasonable doubt, that the automobile referred to in the indictment was stolen, and you further find, beyond a reasonable doubt, that the said automobile was found recently thereafter in the possession of the Defendant, then I charge you that such recent possession may raise an inference of guilt on the part of the Defendant, and unless such recent possession is satisfactorily explained, the responsibility being on the Defendant to make such explanation, the Jury will be authorized to identify the Defendant as the guilty party, and convict the Defendant."

Appellant complains that such instruction wrongfully shifted the burden of persuasion from the state to the defendant in that it required the defendant to explain or prove by a preponderance of the evidence that his possession was innocent — otherwise the jury could infer guilt.

The charge, as given, is the well-established law of this state. See *Aiken v. State,* 226 Ga. 840 (178 SE2d 202); *Scott v. State,* 122 Ga. 138 (50 SE 49); *Pounds v. State,* 136

Ga. App. 852 (1, 4) (222 SE2d 629); *Taylor v. State,* 118 Ga. App. 605 (164 SE2d 876); *Mathews v. State,* 103 Ga. App. 743 (2) (120 SE2d 359). It has been upheld against attacks that it was an impermissible comment on the defendant's right to remain silent (*Thomas v. State,* 237 Ga. 690; *Horton v. State,* 228 Ga. 690 (1) (187 SE2d 677); *Pounds v. State,* 136 Ga. App. 852 (1), supra), and against attacks that it was burden-shifting (*Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251); *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188); *Workman v. State,* 137 Ga. App. 746 (5) (224 SE2d 757); *Pounds v. State,* 136 Ga. App. 852 (4), supra). *State v. Moore,* 237 Ga. 269 (227 SE2d 241) does not apply to this case because it was tried before the *Moore* decision.

In the case relied on by appellant, Byrd v. Hopper, 402 FSupp. 787, the instruction was that there arose a "presumption" from possession of recently stolen property.[1] Here the trial judge charged that the jury may *infer* guilt, from the fact of unexplained possession, meaning that the jury may accept or reject the defendant's possession as having a "rational connection" with his guilt. See Tot v. United States, 319 U. S. 463 (63 SC 1241, 87 LE 1519); *Byrd v. Hopper,* 234 Ga. 248, 259-261, supra. Such instruction has the same effect as the model instruction in the Superior Court Judges' Criminal Jury Instructions manual on recent possession in robbery, III-75, which was approved in *Aiken v. State,* 226 Ga. 840, 843, supra, and which we prefer. For these reasons we find no error in the trial court's instruction.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED OCTOBER 21, 1976 — REHEARING DENIED NOVEMBER 9, 1976.

---

[1] But see *Byrd v. Hopper,* 234 Ga. 248, supra, where the Georgia Supreme Court, in the same case, pointed out that under the Georgia statute, Code § 38-113, there is a "presumption" of fact which is the same as an inference. See *Taylor v. State,* 118 Ga. App. 605, 607 (164 SE2d 876); 11 EGL 380, Evidence, § 139.

■■■■■■■■■■

■■■■■

*Leonard Cohen,* for appellant.

*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.