## A89A1973. COLLINS v. THE STATE.
(388 SE2d 391)

DEEN, Presiding Judge.

Appellant Collins was convicted on one count of burglary and one count of theft by taking. He appeals from the judgment, enumerating as error the trial court's giving a jury charge on recent possession which allegedly included an incomplete statement of relevant law and lessened the State's burden of proof; the State's alleged failure to adduce proof of entry of the burglarized premises, an essential element of the offense of burglary; and insufficiency of evidence to convict. *Held*:

1. Although it is well settled that recent unexplained possession of stolen goods does not *per se* support a guilty verdict, *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), it is equally well settled that such possession raises an inference of guilt. *Moon v. State*, 258 Ga. 748 (375 SE2d 442) (1988); *Howard v. State*, 180 Ga. App. 817 (350 SE2d 825) (1986). Cases cited by appellant do not support his contention to the contrary.

In the instant case numerous items of property identified by the victims were found in the possession of persons who testified that those items had been obtained from appellant. Appellant concedes that the challenged jury instruction, or close equivalents, has been sustained by Georgia's appellate courts. *Horton v. State*, 228 Ga. 690 (187 SE2d 677) (1972); *Carpenter v. State*, 140 Ga. App. 368 (231 SE2d 97) (1976). We find nothing burden-shifting or otherwise erroneous in the charge as given. Moreover, the abundance of evidence linking appellant to the stolen goods authorizes the giving of such a charge and amply corroborates the inference raised by the finding of the stolen goods. Moreover, the transcript shows that the court gave full and accurate instructions regarding burden of proof. This enumeration is without merit.

2. The second enumeration is also without merit. The fact that

numerous items identified as the victims' property were found outside their premises, when coupled with the victims' statement that no one had been authorized to enter those premises, compels the conclusion that there had been an unauthorized entry.

3. As indicated in Divisions 1 and 2, supra, there was ample evidence to connect appellant with the break-in and theft and to support a conviction of burglary. Moreover, the record shows that there was evidence that appellant was overheard instructing a neighbor to dispose of certain stolen items; there was also evidence of record that appellant had threatened the life of the wife of a man to whom certain stolen items had been given or conveyed, warning her as to what would happen if she failed to "keep her mouth shut" regarding the transaction. Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the rational trier of fact would have been authorized to find appellant guilty as charged, beyond a reasonable doubt.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 —

*Whitmer & Law, G. Hammond Law III*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.