## THOMAS *v.* THE STATE.

EVANS, J. 1. Under an accusation of being a common cheat and swindler, where the evidence supports the allegations therein, and the person alleged to have been defrauded is shown to have parted with his property upon the false representation of a fact, and has sustained loss and injury, a verdict finding the defendant guilty is not without evidence to support it.

2. An exception that the court failed to charge a certain proposition is without merit, where it appears that no request to so charge was made, and where the general charge covered the substantial issues of the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 16,—Decided July 27, 1906.

Accusation of being a common cheat and swindler. Before Judge Little. City court of Sparta. June 4, 1906.

The accusation alleged, that the accused approached McCook and importuned him to sell him certain described furniture, representing to McCook that he (the accused) had made arrangement with Thornton whereby Thornton would furnish to the accused five dollars with which he would make the first payment to McCook on the furniture; that on the faith of this statement McCook sold the furniture to the accused for $12.25, of which $5 was to be paid on December 23, 1905, and the balance was to be paid in instalments of $2 per month; and that the statement so made by the accused to McCook, upon the faith of which McCook extended said credit to him, was utterly false, and was deceitfully made for the purpose of obtaining the credit and defrauding McCook, and thereby McCook was defrauded and damaged in the sum of $12.50. The testimony showed, that the accused, on December 13, 1905, went to the store of McCook, selected the furniture described in the accusation, and offered to buy it on credit, stating to McCook that he had made arrangements with Mr. Thornton to get the money, and would send McCook $5 by Henry Warren on December 23. McCook sold him the furniture upon this statement, taking his note for the price of it ($12.50), of which $5 was to be paid on December 23, and the

rest in monthly instalments of $2. The accused in fact had made no arrangement with Thornton; and although he did seek and obtain employment of him about Christmas, and did obtain from him an advance of $15, he failed to pay any money to McCook, who 'finally sent for and took back the furniture. After verdict of guilty, the accused moved for a new trial on the general grounds and the following: "That the court erred in failing to charge the jury as to the effect of a certain note reserving title to the personal property sold to the defendant in this case; the theory of the defense being that the prosecutor did not trust the defendant upon any verbal statement by him made, but did not trust him at all, having reserved title by taking note with reservation of title." The motion was overruled, and the accused excepted.

*T. L. Reese* and *Seaborn Reese,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.