39516. PHELPS v. THE STATE.

DECIDED MAY 23, 1962—REHEARING DENIED JUNE 13, 1962.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.

JORDAN, Judge. The defendant John Henry Phelps was convicted in the City Court of Sandersville of the offense of carrying a concealed weapon and filed exceptions to the court's denial of his amended motion for a new trial.

A deputy sheriff and another State witness testified that early on the morning of December 24, 1961, they were called to investigate a shooting which had occurred about an hour earlier at or near Shorty Green's house in Washington County; that the person who has been shot informed them that if he was hit by a pistol bullet, he was shot by John Henry Phelps, if by a shotgun he was shot by Shorty Green; that upon arrival at Shorty Green's house they found several people there, among them being the defendant and Shorty Green; while the defendant was standing up and being questioned in connection with the shooting, they noticed a bulge in his pocket, whereupon one of the officers "patted him," and reached into his pocket and took out a pistol. The pistol was identified and introduced into evidence. The officers further testified that the weapon was concealed on the defendant and that the defendant did not object in any manner to the search which produced the pistol. The defendant neither offered evidence nor made a statement to the jury.

Counsel for defendant contends that the defendant was forced to produce evidence against himself and that the evidence was obtained by an unlawful search and seizure, all in violation of his constitutional rights; and that such evidence should have been excluded upon objection by the defendant. This case is similar to the facts in *Jones v. State,* 99 Ga. App. 265 (108 SE2d 154), in which the conviction of the defendant therein on the same charge was upheld by this court. Counsel relies, how-

ever, upon the recent case of Mapp v. Ohio, 367 US 643 (81 SC 164, 6 LE2d 1081) in which the Supreme Court of the United States held that evidence obtained by searches and seizures in violation of the Federal Constitution is inadmissible in a criminal trial in a State court. We see nothing in the Mapp case which would aid the defendant's contention here, the Mapp case differing substantially in the facts and circumstances surrounding the search and seizure. As indicated in the Mapp case, the question of whether a "reasonable search" is made must be viewed in the light of the facts and circumstances of each particular case as no fixed formula can be used in making such a determination.

In the instant case, the officers were investigating a shooting which had just occurred in the vicinity of where the defendant was found and the crime for which he was convicted in this case was actually being committed in the presence of the investigating officers thus clothing them with the authority to legally arrest and search without a warrant the person committing such crime. "A crime is committed in the presence of an officer, if he sees it committed, or by the exercise of any of his senses he has knowledge, together with what he sees, that a crime is being committed by the person sought to be arrested." *Howell v. State,* 162 Ga. 14, 16 (6c) (134 SE 59). The circumstances in this case amply support the conclusion of the officers that the penal laws of this State were being violated by the defendant in their presence, and the search based upon such conclusion was not unreasonable. Under the evidence in this record, the defendant was not forced or compelled to produce evidence against himself.

We therefore conclude that the general and special grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*