42892, 42893. PONCE DE LEON PROPERTIES, INC. v.
FULTON COTTON MILLS et al.; and vice versa.

PER CURIAM. 1. In the present case a motion was made by plaintiff for a judgment against a garnishee on the ground that the garnishee had failed to file an answer and this motion, after hearing evidence, was overruled. During the same term of court, and, at the same time a "motion to reconsider" was filed, a motion for judgment, identical to that already overruled, was filed. The motion to reconsider contained no prayer for the vacating or reversal of the prior order, and the new motion for judgment contained no additional grounds nor any prayer for the vacating or the reversal of the order overruling the first motion. *Held:*

Irrespective of whether or not the motion to reconsider or the second motion for judgment was sufficient to reopen the question or questions governed by the first order, so as to make the first order reviewable on this appeal, it is necessary that we review and hold the first order erroneous in order to reverse the case. The first order was entered by the trial judge "after hearing evidence," and there being no transcript of this evidence in the record on appeal, the appeal (Case No. 42892) must therefore be dismissed. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123).

2. The cross appeal by the garnishee in Case No. 42893 is dismissed.

*Appeals dismissed. Bell, P. J., Pannell, and Joslin, JJ., concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 27, 1967—
REHEARING DENIED JULY 18, 1967—

*Glenville Haldi,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Witt,* for appellees.

ADDITION TO THE OPINION BY THE COURT.

The above decision was rendered on June 27, 1967. Appellant filed a motion for rehearing on July 6, 1967, which motion was denied on July 18, 1967, and on the same day the following stipulation of counsel, entitled in the cause, was filed:

"Counsel for both parties do hereby agree and stipulate that

the order of the court denominated as the 'First Order' by this court's opinion heard as 'evidence' the introduction of the sworn defenses as filed by the defendant-garnishee, Fulton Cotton Mills. It is further stipulated that no other witnesses or evidence was heard by the trial court and that this court now has before it the complete relevant portion of the record and transcript necessary for a determination of this case."

While Paragraph (g) of Section 10 of the Appellate Practice Act of 1965 provides that "[w]here a trial is not reported as hereinbefore referred to, or where for any other reason the transcript of the proceedings is not obtainable, and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, *shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter . . ."* neither the stipulation presented nor the record here shows that there is no transcript by the court reporter or that a transcript was not obtainable so as to make a stipulated transcript proper and a part of the record. Furthermore, a stipulated transcript is subject to the same requirements as to time of filing as a transcript by the court reporter, that is, that it be filed *with the clerk of the lower court* within 30 days of the filing of the notice of appeal in the absence of an order of the lower court extending the time for such filing. See *Davis v. Davis*, 222 Ga. 579, supra.