**UNITED STATES of America,
Appellee,**

**v.**

**Emilio PIZZARELLO, Appellant.**

**No. 89, Docket 30658.**

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1967.

Decided Nov. 17, 1967.

James G. Starkey, Brooklyn, N. Y., for appellant.

Lawrence W. Newman, Asst. U. S. Atty., Southern District of N. Y. (Robert M. Morgenthau, U. S. Atty., Douglas S. Liebhafsky and Pierre N. Leval, Asst. U. S. Attys., Southern District of New York, on the brief), for appellee.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

An information was filed against Emilio Pizzarello, charging him in two counts of engaging in the business of accepting wagers without paying the special wagering tax, 26 U.S.C. §§ 4401, 4411, 7262, and without registering with the District Director of Internal Revenue, 26 U.S.C. §§ 4401, 4412, and 7272. A jury returned verdicts of guilty, without wilfulness, on both counts and from the judgments of conviction entered thereon, he now appeals.

The principal issue which he presents to this court is whether or not he was illegally arrested. At the pre-trial proceeding the warrant which Agent Riley possessed was held invalid but the validity of the arrest, and the seizure of cash and bet slips found in the appellant's possession were sustained.

In the absence of a valid warrant, an agent of the Internal Revenue Service is authorized to make an arrest for a misdemeanor related to the revenue laws which is "committed in his presence." 26 U.S.C. § 7608(b) (2) (B). Prior to the effective date of that section, this court interpreted a similar statutory authorization contained in § 183 of the New York Code of Criminal Procedure as sanctioning an arrest without a warrant in cases where the observations of the arresting agent are sufficient to induce a reasonable belief that a crime is then and there being committed. United States v. Viale, 312 F.2d 595 (2 Cir.), cert. denied 373 U. S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963). We see no valid reason why a like construction should not be given the federal statute.

On March 30, 1965, and on seven separate occasions thereafter, including the afternoon of April 15th shortly before the arrest, Riley's fellow Internal Revenue Agent, Ripa, had placed horse race wagers with the appellant in the back room of Pizzarello's combination luncheonette-stationery store. On each of his visits he observed others there reading scratch sheets or racing programs, writing on slips of paper, and handing these slips along with sums of money to Pizzarello. He had fully recounted these experiences and described what he had observed to Agent Riley, who had been assigned to the case with him. Riley observed Agent Ripa and several others enter the back room on the afternoon of April 15th and Riley himself entered the back room a few minutes later and found Pizzarello, with another man, seated at a desk covered with betting slips, pencils, and scratch sheets. Two men were standing around reading racing forms. What he then observed and what he had been told by his fellow agent, Ripa, furnished reasonable grounds for him to believe that gambling activities were going on. See United States v. Comi, 336 F.2d 856, 858 (4 Cir. 1964), cert. denied 379 U.S. 992, 85 S.Ct. 704, 13 L.Ed.2d 611 (1965); cf., United States v. Elgisser, 334 F.2d 103, 110–111 (2 Cir.), cert. denied 379 U.S. 881, 85 S. Ct. 151, 13 L.Ed.2d 87 (1964). Under these circumstances the arrest was clearly lawful and evidence seized in the search incidental thereto was admissible. Ker v. State of California, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

Appellant argues that Agent Riley's observations in the storeroom were the product of a trespass and therefore

could not provide the basis for the arrest. Although this room was not "public" to the same degree as the luncheonette, it was obviously open to any person who had the inclination to enter. Agent Ripa had done so on many occasions. On the day of the arrest others were seen going from the luncheonette through a swinging door to the back room without knocking or waiting for permission to enter. There was no sign on the door and no objection was made when Riley entered. This case is clearly distinguishable from People v. Lund, 50 Misc.2d 589, 271 N.Y. S.2d 164 (Crim.Ct.1966) on which appellant relies.

We have carefully considered appellant's other contentions, and find them without merit.[1] The judgments are affirmed.

[1.] One issue of substance raised by appellant is the constitutional question. However, we refrain from discussing it in view of the fact that it is presently before the Supreme Court in Marchetti v. United States, 388 U.S. 903, 87 S.Ct. 2094, 18 L.Ed.2d 1343 and Grosso v. United States, 388 U.S. 904, 87 S.Ct. 2097, 18 L.Ed.2d 1343 (October 31, 1967), and adhere to the position taken by this court in many cases in which it has refused to find the statute unconstitutional.