### 43146. GILMORE v. THE STATE.

BELL, Presiding Judge. 1. Defendant was convicted under an accusation charging her with maintaining and carrying on a scheme, known as Bolita, for the hazarding of money. *Code* § 26-6502. On the trial defendant contended that tally sheets found in her possession were records of numerous

chances purchased by her and not records made in the operation of the game. The first ground enumerated on this appeal contends that the court erred in failing to instruct the jury "that if the jury should find that she [defendant] was a purchaser [rather than an operator of the game] . . . she would not be guilty" of the charge against her. Defendant's contention that she was merely a purchaser of chances was embraced in the general issue and was therefore covered in the general instructions given. See *Thomas v. State*, 126 Ga. 90 (2) (54 SE 813); *Findley v. State*, 59 Ga. App. 390 (1 SE2d 37). If defendant desired a specific charge on this contention, she should have submitted an appropriate written request pursuant to Sec. 17 (b) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31 as amended by Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207 (b)).

2. The holding of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), that all evidence obtained by searches and seizures in violation of the Fourth Amendment of the Federal Constitution is inadmissible in state courts, is only an exclusionary rule and does not affect the competence of evidence admitted without timely challenge. Thus the mere contention that the State's evidence was obtained as a result of an unlawful search and seizure is not a sufficient ground for a motion for a directed verdict of acquittal in a criminal case. Moreover, Section 13 of an Act of 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) established a procedure for the suppression of evidence obtained by unlawful search and seizure and provided that a motion to suppress "shall be in writing and state facts showing wherein the search and seizure were unlawful." Defendant's failure to interpose a timely motion to suppress pursuant to the Act amounted to a waiver of the constitutional guaranty in respect to the search and seizure involved in this case. See Ann. 50 ALR2d 531, 583-592.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*

SUBMITTED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967— REHEARING DENIED DECEMBER 20, 1967—CERT. ■

*Sullivan & Herndon, John J. Sullivan,* for appellant.
*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.