## 43633. LANE v. THE STATE.

BELL, Presiding Judge. 1. Defendant took this appeal from his conviction and sentence for the offense of possessing burglary tools. The second ground of the enumeration of errors complains of the admission of testimony of a police officer showing that a key taken from defendant's person was capable of opening vending machines in several business establishments which had been broken into. The sixth ground complains of testimony, especially that of a microanalyst from the Georgia State Crime Laboratory, showing that some of the tools in defendant's possession had been used in cracking a safe in one establishment and in entering the front door of another. The fourth ground complains of the admission of certain exhibits in connection with the State's showing that the tools had previously been used in the commission of burglaries. These grounds are without merit. "Evidence as to offenses or acts other than the particular crime charged in the indictment is admissible when it tends to connect the accused with the crime charged, or tends to show his course of conduct, motive or intent, or a common scheme or plan or related offenses." *Gray v. State,* 52 Ga. App. 209 (182 SE 862) ; *Brunson v. State,* 53 Ga. App. 491 (186 SE 598).

2. Section 13 of an Act of 1966 (Ga. L. 1966, pp. 567, 571; Code Ann. § 27-313) established a procedure for suppression of evidence obtained by unlawful search and seizure. Defendant should have filed a written motion to suppress stating facts showing why the search and seizure were unlawful. Failure to comply with the Act by interposing a timely motion to suppress in writing amounted to a waiver of the constitutional guaranty in respect to the search and seizure in question. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474) ; *Watts v. State,* 117 Ga. App. 558 (1) (161 SE2d 516) ; *Thomas v. State,* 118 Ga. App. 359 (163 SE2d 850).

3. A ground of enumerated error based on the denial of defendant's motion for mistrial is without merit where the judge instructed the jury not to consider the testimony which brought on the motion and counsel thereafter failed to request further instructions or renew the motion for mistrial. *Gee v. State,* 110 Ga. App. 439, 442 (138 SE2d 700) ; *Barnes v. State,* 111 Ga. App. 348 (1) (141 SE2d 785). The rule requiring renewal of a motion for mistrial following corrective

instructions to the jury still obtains in the trial of criminal cases though it has been eliminated in civil cases by CPA § 46 (b) (Ga. L. 1966, pp. 609, 655; *Code Ann.* § 81A-146 (b)).

4. There was no error in refusing to grant a mistrial based on the solicitor's argument to the jury as the remarks objected to were within the bounds of legitimate argument. See *Terhune v. State,* 117 Ga. App. 59 (5) (159 SE2d 291).

> *Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED MAY 7, 1968—DECIDED NOVEMBER 7, 1968— REHEARING DENIED NOVEMBER 21, 1968.

*W. D. Knight,* for appellant.

*Vickers Neugent, Solicitor General,* for appellee.

