44321. STEPHENS et al. v. THE STATE.

PANNELL, Judge. The three appellants were convicted of violations of the game laws of this State. After announcing ready for trial and after the jury was impaneled and sworn, the defendants made a motion to suppress certain evidence. The trial judge had a hearing thereon and overruled the motion. A transcript of the evidence adduced on the motion, held outside the presence of a jury, is the only transcript sent to this court. This transcript is certified by the reporter as the only portion requested by the appellants. The certificate of the clerk to this transcript indicates that there is no additional transcript on file in his office. There being no transcript of the evidence adduced upon the trial, we can not determine whether the evidence sought to be suppressed was actually introduced before the jury, and unless it was introduced, the overruling of the motion to suppress the evidence was harmless, even if error. Under these circumstances, the case must be affirmed as to the alleged error in suppressing the evidence and as to the alleged error that the evidence was insufficient to support the verdict. See *Bass v. State,* 117 Ga. App. 89 (159 SE2d 299).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED MARCH 3, 1969—DECIDED APRIL 16, 1969—
REHEARING DENIED MAY 14, 1969.

*Allyn M. Wallace,* for appellants.

ON MOTION FOR REHEARING.

The appellant filed a motion for rehearing and sent with his motion to the clerk of this court what purports to be a certificate signed by the judge of the lower court, but not filed therein, stating "that the evidence of State Ranger Jimmie L. Steptoe sought to be suppressed prior to the trial of the case, out of the presence of the jury, was presented to the jury for their consideration along with the testimony of the Sheriff of Effingham County, Georgia, and that of the defendants. The evidence of the State Ranger and the physical evidence obtained by him was submitted to the jury and was introduced." Whether, under Sections 10 and 13 of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 24, 29; *Code Ann.* §§ 6-805, 6-809), a certificate of the trial judge, not filed in the lower court and transmitted as a part of the record, can be considered by this court in deciding the case in the absence of a showing that the trial of the case was not reported, we do not decide. See in this connection *Ponce de Leon Properties v. Fulton Cotton Mills,* 116 Ga. App. 205 (156 SE2d 487). Even conceding, for the purposes of this case, that the evidence sought to be suppressed was introduced into evidence at the trial, the burden is upon the appellant to show harmful error. It appears from the certificate that another witness for the State as well as the defendants testified in the case. Without a transcript of the proceedings, including the testimony of these defendants, we have no way of knowing whether the admission of the evidence sought to be suppressed was harmful or not. We therefore adhere to the decision already made.

Furthermore, while the trial judge may have been authorized to hear a motion to suppress after the trial of the case had begun, as was done here (*Thomas v. State,* 118 Ga. App. 359, 360 (163 SE2d 850)), the motion was not in writing and for that reason, the trial court must be affirmed in overruling the oral motion to

676

suppress the evidence. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474); *Taylor v. State,* 118 Ga. App. 605 (164 SE2d 876); *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474).

*Rehearing denied. Felton, C. J., and Quillian, J., concur.*