Freddie Gene STEPHENS, Richard Wilson, and George Steve Wilson, Petitioners,

v.

Harry LINDSEY, Sheriff of Effingham County, Georgia, Respondent.

Civ. A. No. 2498.

United States District Court
S. D. Georgia.

Sept. 5, 1969.

Allyn M. Wallace, Richard H. Herndon, Savannah, Ga., for plaintiffs.

Z. Vance Dasher, Springfield, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

On a drizzly night in August, 1968, James Steptoe, a Ranger with the Georgia Game and Fish Commission, was on a routine patrol in a sparsely-settled, wooded part of Effingham County. Deer abound. There had been reports of night hunting in the area and signs of killings had been previously found. The illegal hunters ride along in an automobile and shine a light across the fields until the eyes of a deer are spotted. The light mesmerizes the deer and they can be easily shot.

Steptoe was patrolling on a paved road between Shawnee and Egypt. About 11:00 p. m. he noticed signs of an automobile that had recently turned off the highway onto a dirt road. This road dead-ends about a mile away in some soybean and corn fields. It is county-maintained. Near the place the road terminated is a burrow pit that is filled with water. Some called it a fish pond; others a water hole. There are no houses on the dirt road.

The Ranger turned down the dirt road and pulled his truck to the extreme side and stopped. He saw the headlights of a vehicle approaching him from which a light of some sort was being shone continuously. Its beam was directed at the field and was about waist high. The car was proceeding slowly. Steptoe got back in his truck and pulled it around so as to block the road. He again got out and stood in front of the vehicle.

The State emblem on the side of the truck was plainly visible. The driver of the approaching car did not stop but tried to cut around the truck. There was not enough room to do so and the automobile ended up in a ditch.

The Ranger went to the car. Three young men were in the vehicle, two in the front seat and one in the rear. Looking through the window of the car, Steptoe saw a single barrel shotgun. He found under the right rear wheel of the automobile a flashlight attachable to a hat—that is, a "headlight" which is used to locate game. It was not wet and had a good beam. The shotgun, which was lying in the front seat, was loaded with buckshot.

After making his identity known, the officer searched the car and the three boys. He found two buckshot shells in the pockets of one of the occupants. Buckshot are used to kill deer. The clothing on the boys was damp and there was grass seed on the trouser legs. A flashlight was found in the glove compartment. It did not burn. The trunk contained no game.

The three youths were placed under arrest on charges of hunting without a license (Ga.Code § 45–205); hunting at night with the use of lights (§ 45–529); and hunting out of season (§ 45–116). They were convicted of misdemeanors in the City Court of Springfield at a jury trial on September 9, 1968. Each was sentenced to serve a year in State custody or in the alternative to pay a fine of $100.

During the trial a motion to suppress the physical evidence found by the Ranger was made. It was heard out of the presence of the jury. The grounds of the motion were that the arrests were illegal and that defendants were deprived of Fourth and Fourteenth Amendment rights. The Court overruled the motion, stating:

"The physical circumstances, the location, the peculiarity of the location, the surrounding circumstances, coupled with the use of the objects which the

man found in the possession of the defendants, when they were stopped, is an indication, or would have been sufficient indications that there might be a violation, and, as a law enforcement officer, he had a right to investigate it to see if there was a violation, because he saw activity enough to justify that suspicion, and upon his investigation, if he found those things present, he had a perfect right to make the arrest, without a warrant."

The convictions were appealed to the Georgia Court of Appeals on the ground that the battery-powered flashlight, the shotgun and the shells loaded with buckshot were improperly admitted in evidence. It was defendants' contention on appeal that this evidence was taken from the automobile in which they were riding without a search warrant and was therefore unlawfully seized. Appellants failed, however, to designate the entire record for appellate consideration. Only that portion containing the evidence on the hearing of the motion to suppress was specified. In affirming the judgment, the appellate court refused to consider the merits, reasoning that without the trial transcript it was impossible to determine whether or not such evidence was instrumental in the convictions and, therefore, whether any error in admitting same was harmful. Stephens et al. v. State, 119 Ga.App. 674, 168 S.E.2d 333.

While the appeal was pending defendants were at liberty on bond. Upon affirmation of the judgment by the Court of Appeals an order was issued by the trial judge directing them to pay the fines or surrender to the Effingham County Sheriff for incarceration. At this point petitioners attempted to come into Federal Court on a petition for writ of habeas corpus, in forma pauperis, pursuant to U.S.C. Title 28, § 2241 et seq. I suggested to counsel that before the case could properly become a matter for federal consideration petitioners should exhaust available state remedies as set forth in the Georgia Habeas Corpus Act of 1967. Ga.Laws 1967, p. 835. Thereupon petitioners submitted a similar petition to the Judge of the County Superior Court of Effingham County. Judge Hawkins took the position that since petitioners were not then in custody at the time, the application was premature. Petitioners then returned to this Court. I permitted the petition to be filed in forma pauperis subject to respondents' right to raise the exhaustion issue at the hearing.

■■ In my opinion, petitioners have failed to exhaust their state remedies by not directly appealing to the Supreme Court of Georgia from the denial by Judge Hawkins of their State Habeas Corpus application. However, nonexhaustion of state remedies is not a jurisdictional bar to consideration of the petition on its merits. United States ex rel. Gockley v. Myers, 3 Cir., 411 F.2d 216; Hammond v. Lenfest, 2 Cir., 398 F.2d 705. I will not dismiss on the ground of petitioners' failure to exhaust their State remedies.

Was the arrest and search and seizure legal under the circumstances described at the beginning of this opinion?[1]

■■ A search and seizure incident to a lawful arrest is valid although made without a warrant and evidence thus obtained is admissible at trial. Argo v. United States, 9 Cir., 378 F.2d 301, cert. denied, 390 U.S. 907, 88 S.Ct. 823, 19 L.Ed.2d 874; Morales v. United States, 9 Cir., 344 F.2d 846; Hollins v. United States, 9 Cir., 338 F.2d 227, cert. dismissed, 385 U.S. 802, 87 S.Ct. 9, 17 L.Ed. 2d 48; Newcomb v. United States, 9 Cir., 327 F.2d 649, cert. denied, 377 U.S. 944, 84 S.Ct. 1350, 12 L.Ed.2d 307. Search of an automobile incident to a lawful

1. On August 21, 1969, I heard evidence from Ranger Steptoe. It was not materially at variance with the testimony he gave before the Judge of the City Court of Springfield at the out-of-the-presence-of-the-jury hearing. In outlining the circumstances of the arrest I have drawn upon the record in the State court as well as in this Court.

arrest is likewise proper. Harris v. Stephens, 8 Cir., 361 F.2d 888, cert. denied, 386 U.S. 964, 87 S.Ct. 1040, 18 L.Ed.2d 113; Kuhl v. United States, 9 Cir., 322 F.2d 582.

■ An arrest without a warrant in a misdemeanor case is lawful where the offense is committed in the arresting officer's presence and where he has probable cause to believe that it is being committed. Hart v. United States, 5 Cir., 316 F.2d 916; United States v. Pizzarello, 2 Cir., 386 F.2d 177; United States v. Gormon, D.C., 36 F.R.D. 416; United States v. Grosso, D.C., 225 F.Supp. 161; Jordan v. Peyton, D.C., 264 F.Supp. 946.

■ The basis of the claim of illegal search, seizure and arrest here is as thin as Mr. Lincoln's homeopathic soup which was made by boiling the shadow of a starved pigeon. The persistence with which the point is pressed by counsel is more in the nature of obsession than perseverance. If the State Ranger could not legally stop and search the automobile in which petitioners were riding without violating the Constitution we might as well repeal all of our game laws. Everything pointed to the fact that the petitioners were night hunting. The claim that the officer had no right to make an arrest because it is not illegal to shine a light from a car or to drive along a public road at night is farcical.

■■ Counsel are apparently carried away with the idea that Ranger Steptoe violated their clients' constitutional rights because he answered in the affirmative the questions: "In other words, you just had suspicion, is that right?" and " * * * your reason for stopping it was you were suspicious of someone night hunting?" True, an arrest, with or without a warrant, must stand upon firmer ground than "mere suspicion." Elkanich v. United States, 9 Cir., 327 F.2d 417; Nicholson v. United States, 5 Cir., 355 F.2d 80. But the underlying *facts,* not the arresting officer's characterization of them, controls. Semantics have no place here but the officer never testified that he arrested on *mere* suspicion. Furthermore, suspicion that one has committed an offense, when based on sufficient particularized information, is enough to constitute probable cause for arrest and incidental search in a public place without a warrant. United States v. Huff, D.C., 279 F.Supp. 143. It is, of course, possible that late at night on a dead-end road in the heart of deer country petitioners were shining a flashlight into a soybean field looking for something they had lost. But the probability is they were night hunting. That was the conclusion any sensible officer would have arrived at. It was buttressed, before the search and arrest, by the action of the defendants in trying to escape. The state officer possessed grounds for arrest before he ever looked into the car. What he saw and what he found there was not what made the stopping[2] of the vehicle and the arrest legal. It merely confirmed what the Ranger already had every reason, not just probable cause, to believe, namely, that these petitioners were violating the law against night hunting.

All of this is patent. I have belabored the matter only because of counsel's persistence in arguing that his clients have been deprived of the sacred right not to be punished for their crime.

The application for the writ of habeas corpus is wholly without merit. It is denied. A stay has been requested pending appeal to the Circuit Court of Appeals under U.S.C. § 28–2251. Nothing in this record commends the application to this Court but it is nevertheless granted.

---

2. As to the right of officers to make routine stops of automobiles and interrogate occupants see Wilson v. Porter, 361 F.2d 412; Nicholson v. U. S., *supra.*