## 48850. FOREHAND v. THE STATE.

PANNELL, Judge. 1. Where, as in the present case, an attorney attended a committal hearing at the request of defendant's employed attorney, but was not employed by the defendant, and subsequently when the employed attorney withdrew from the case the present attorney was appointed to represent the defendant on a Friday and the attorney did not discover defendant was in jail, thinking he was still out under bond, when the defendant had been returned to jail by his bondsman until sometime Sunday; and, because of personal commitments, was unable to interview the defendant Sunday evening and did not see the defendant until defendant was arraigned for a plea and trial, if necessary, on the following Monday morning; and the attorney stated to the court these facts and that he had not had time to prepare his case adequately for trial, or to confer with the defendant; and after some discussion the court granted the attorney one-half hour to confer with defendant, and after the conference the attorney returned to the courtroom and informed the court that as a result of the conference he felt it was necessary to interview certain witnesses who lived in another county of which the defendant had informed him, in order to properly prepare the case for trial, and made a motion for continuance on that ground, the trial court erred in refusing to

grant a continuance or delay in order for the attorney to prepare the case for trial, so that the defendant could be properly represented. See in this connection, *Smith v. State,* 215 Ga. 362 (110 SE2d 635).

2. Code § 27-207 provides that, "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code § 27-211 provides that, "A private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and if the offense is a felony and the offender is escaping, or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion." In construing these Code sections, this court has said, "We think that the words, 'in his presence,' as used in the Penal Code (1910) § 917 [27-207] and the words 'within his immediate knowledge,' as used in § 921 [Code § 27-211] are synonymous. To justify the arrest without warrant, the officer need not see the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission." *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 681 (72 SE 51). "A crime is committed in the presence of an officer, if he sees it committed, or by the exercise of any of his senses he has knowledge, together with what he sees, that a crime is being committed by the person sought to be arrested." *Howell v. State,* 162 Ga. 14 (6c) (134 SE 59); *Phelps v. State,* 106 Ga. App. 132 (126 SE2d 429). What the officer sees must be what he sees before the arrest and not afterward.

Where, as in the present case, police officers knew or had been informed by reliable informants that the defendant was engaged in the business of burglary but knew of no particular burglary and that he operated in a general neighborhood, and the officers happened to see the defendant and another in that vicinity leaving an automobile, and the officers detained the defendant and the other person and walked them back to the automobile at which time the officers viewed certain guns and a bag in the automobile (the bag later opened disclosed certain tools which might be termed burglary tools), the arrest and detention being illegal, the seizure of the items was illegal and the seized items were not admissible in evidence against the defendant. See in this connection, *Davidson v. State,* 125 Ga. App. 502 (188 SE2d

124).

3. The trial judge did not abuse his discretion in refusing to consider a motion to suppress the items illegally seized as it was presented to the trial judge after the trial had begun, though not filed, and during the testimony of one of the state's witnesses. See in this connection, *Thomas v. State,* 118 Ga. App. 359, 360 (2) (163 SE2d 850); *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698); *Gilmore v. State,* 117 Ga. App. 67, 68 (2) (159 SE2d 474); *Lane v. State,* 118 Ga. App. 688 (2) (165 SE2d 474). Further, this ruling, if error, was harmless as the trial judge subsequently on objection to the introduction of the seized items in evidence, stated that he wanted to protect the defendant's constitutional rights and at that time went into the question of the legality of the seizure and heard evidence thereon. He then overruled the defendant's objection to admission of the evidence, which ruling is reversed in Division 2 of this opinion.

4. The trial judge, for the reasons above given, erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*

Argued January 10, 1974 — Decided February 7, 1974.

*A'Delbert Brown,* for appellant.

*Ralph H. Foster, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General,* for appellee.