## 51698. BRACKINS v. THE STATE.

PANNELL, Presiding Judge.

Appellant was convicted of possessing heroin in violation of the Georgia Controlled Substances Act. He appeals the judgment of conviction and denial of his motion for new trial.

The evidence showed the following: On the evening of August 10, 1974, a police officer observed a "transaction" between appellant and a woman. Appellant handed the woman a small piece of white paper, which resembled a Stanback; the woman handed appellant some money. The officer thought that this was a drug transaction, and he got out of his car to investigate. As he proceeded to get out of his car, appellant started walking down the street. The officer followed him and told him to stop. Appellant began to run and placed his hands under his coat toward his back pockets. The officer drew his pistol and called to appellant, "Hold it, Vickie, police." Appellant then turned around. As he turned, he "flicked" away two packages. The officer placed Vickie under arrest and picked up the two packages. The State Crime Lab determined that the packages contained heroin. *Held:*

1. Appellant urges error in the court's admitting the heroin into evidence. It is our opinion that the heroin was properly admitted into evidence over defense counsel's objections. However, the following events would have rendered the admission of the heroin harmless, even if error.

After the court charged the jury, and the jury had retired to consider its verdict, the court discovered that state's exhibit 1, the heroin, was missing. The judge then ordered the jury brought back to the courtroom and

charged them in pertinent part as follows: "Ladies and Gentlemen of the jury, you may wonder why you've been waiting back there and you haven't been authorized to begin your deliberations. I will now explain that to you. State's exhibit 1, as this jury recalls, was the heroin, or alleged heroin that was introduced by the state and so designated as State's exhibit 1. You recall the testimony by the state's witnesses concerning this exhibit No. 1. That exhibit is now missing. It is lost, misplaced, or otherwise gone. I have . . . the court has made diligent inquiry concerning this exhibit. . . It is the responsibility of the state to deliver to the jury all exhibits that the state introduces. We do not now have that exhibit. We do not know what happened to that exhibit. Now, I charge you that no inference from this, hurtful or harmful in any way to the defendant, may be drawn by this jury. It is not the defendant's responsibility to deliver state's exhibits to the jury. *Therefore, this case will now proceed to be decided by this jury just as though state's exhibit 1 had never been admitted into evidence.* You may, however, consider the testimony of the state's witnesses concerning heroin, or any alleged heroin. You simply will not have . . . physically have state's exhibit 1 out with you to examine. You must now decide this case without the physical presence of this exhibit. . . ." (Emphasis supplied.)

2. The defendant made a motion to suppress $32 and "any other paraphernalia taken from the person of Vickie Brackins" on August 10, 1974. The only item of evidence admitted at trial was the heroin which the officers said appellant "flicked away." Appellant denies that the heroin was his; and the heroin was not taken from his person. Further, the heroin was lost during the trial and was not considered by the jury as evidence in the case. There was no evidence introduced before the jury which was subject to appellant's motion to suppress. Unless the evidence sought to be suppressed was actually introduced before the jury, the overruling of the motion to suppress was harmless, even if error. See *Stephens v. State,* 119 Ga. App. 674 (168 SE2d 333).

3. Appellant urges error in the trial court's permitting the state to argue, over objection of defense counsel, the following: "Let me ask you something. Are

there any reasonable doubt? Are there any doubt whatsoever that Marvin Douglas didn't see Vickie Brackins down there that night? Are there any doubt about Marvin seeing him throw it down? He swore to you he throwed it down. And nobody has said anything Marvin said wasn't true. You've got a man swore to you under oath he saw it is in his hands, saw him throw it down. And nobody has said that isn't so. We had the man from the crime laboratory come and swore to you this was heroin, and nobody has said it ain't so."

Defense counsel objected to this argument on the grounds that it was an attempt to shift the burden from the state to the defendant. The court responded to defendant's objection by instructing the jury as follows: "You will not take the law from what the District Attorney says, nor will you take the law from what the defense attorney says. You will get the law from the court in the court's instructions." Even if the state's argument was error, the court's instruction was responsive to defense counsel's objection and cured any prejudice which may have been caused by the state's argument to the jury.

4. The evidence supported the verdict of guilty.

5. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 13, 1976.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.